STATE EX REL. SMOTHERMAN, RELATOR, *v.* DISTRICT
COURT ET AL., RESPONDENTS.

(No. 3,583.)

(Submitted November 30, 1914.  Decided December 18, 1914.)

[145 Pac. 724.]

*Certiorari—Default Judgments—Entry—Order to Strike—Excess of Jurisdiction—Nonappealable Orders.*

Default Judgments—Entry—Order to Strike—Error.
  1. *Held*, on *certiorari*, that where the district court, after overruling a demurrer to an amended complaint, directed an answer to be filed within ten days, and none was filed, though it was served upon counsel for plaintiff within time, entry of default by the clerk upon request of counsel for plaintiff was proper under section 6719, Revised Codes; and that, while the court could, in its discretion and upon a proper showing, set aside the default, it exceeded its jurisdiction in ordering it stricken from the files on the ground that the clerk was without authority in law to enter it.

  [As to questions reviewable in *certiorari*, see note in 40 Am. St. Rep. 29.]

Appeal and Error—Nonappealable Orders.
    2.  An appeal does not lie from an order striking from the files a pleading or other document constituting a part of the record of a cause.

Original application by the State, at the relation of W. D. Smotherman, for writ of *certiorari* to annul an order of the District Court of the Twelfth Judicial District in and for the County of Blaine, Frank N. Utter, Judge. Writ granted.

*Mr. W. B. Sands,* for Relator, argued the cause orally.

*Messrs. O'Keefe & Kuhr,* for·Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

*Certiorari.* On August 26, 1912, W. D. Smotherman commenced an action against Charles Christiansen in the district court of Blaine county. Thereafter he filed an amended complaint. [1] plaint. The amended pleading alleged twelve separate causes of action for damages for trespass upon lands belonging to plaintiff. The defendant interposed separate demurrers to the several causes of action. On March 16, 1914, Hon. Frank N. Utter presiding, the court after argument sustained the demurrers to the first, second and fourth causes of action; it overruled the others and allowed defendant ten days in which to answer. On the morning of March 27, the defendant having failed to file his answer, counsel for plaintiff filed with the clerk his praecipe for a default. The default was entered immediately by the clerk by filling out and signing a printed blank kept by him for that purpose, and attaching it to the complaint by a stapling machine. On November 10, 1914, the court, on motion of counsel for defendant, ordered the default stricken from the files on the ground that the clerk was "without authority in law to enter it." At the argument of the motion in the district court it was admitted by counsel for the plaintiff that on the afternoon of the day before the default was entered counsel for defendant had served upon him a copy of the answer he intended to file in the action. The purpose of this applica-

tion is to have the order striking out the default, annulled on the ground that the court exceeded its jurisdiction and the relator has no appeal nor other speedy or adequate remedy. Appearance was made in this court for the respondents by motion to quash the writ. on the ground that the facts alleged in the affidavit did not warrant its issuance by this court, and that the petitioner has an adequate remedy by appeal. Upon this motion the application was submitted for final judgment.

It is provided by section 6537 of the Revised Codes that upon the overruling of a demurrer to an amended complaint, the defendant must answer within twenty days or such other time as the court may direct. Judgment by default may be entered for failure to answer, as in other cases. In the case of *Smotherman* v. *Christiansen* the court directed the answer to be filed in ten days. It was incumbent upon the defendant to file his answer within this time. A service of it upon counsel for plaintiff was not equivalent to filing it with the clerk. Nor did the service preclude counsel from having default entered on the following day, in the absence, of course, of a showing of some act or statement on his part misleading counsel for the defendant into the belief that advantage would not be taken of his lack of promptness in filing the answer. The answer not having been filed, counsel for plaintiff had the right to have default entered, and it became the duty of the clerk upon his application to enter it. (Rev. Codes, sec. 6719.) After it had been entered, the court might, in its discretion and upon a proper showing, but not otherwise, have set it aside and permitted the answer to be filed. (Rev. Codes, sec. 6589.) Evidently, the court was of the opinion that inasmuch as service of the answer had been made, this was sufficient to preclude the entry of default. This conclusion was erroneous. The relator could not arbitrarily be deprived of the advantage gained by entry of default.

Since final judgment had not been entered when the order was made, the relator is without remedy by appeal. No appeal [2] lies from an order striking from the files a pleading or

other document constituting a part of the record of the case. (Rev. Codes, sec. 7098.)    Nor has he any other adequate remedy.

The order was in excess of jurisdiction, and is therefore annulled.

*Order annulled.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.

Rehearing denied January 18, 1915.