LEILA BLEVINS, Plaintiff and Appellant, v. JOIE EMIL KRA-MER, Defendant and Respondent.

No. 13978.
Submitted on Briefs Sept. 19, 1978.
Decided Dec. 5. 1978.
587 P.2d 28.

Edward D. Yelsa, Anaconda, for plaintiff and appellant.

Daniels & Mizner, Deer Lodge, for defendant and respondent.

MR. CHIEF JUSTICE HASWELL delivered the opinion of the Court.

Plaintiff appeals from an order of the District Court vacating the default of defendant and denying plaintiff's motion for a default judgment.

On June 27, 1977, plaintiff Leila Blevins filed a complaint in the

District Court, Deer Lodge County, seeking general and exemplary damages from the defendant Joie Emil Kramer based on a personal tort.

On July 22, 1977, defendant filed a motion requesting a change of venue to Powell County. This motion was subsequently denied on August 1, and defendant was allowed 20 days in which to answer.

When defendant had not filed his answer by August 24, plaintiff petitioned the District Court for entry of default against defendant and a default judgment. The District Court clerk, pursuant to Rule 55(a), M.R.Civ.P., entered defendant's default and scheduled a hearing for September 7, 1977, to determine the propriety of entering a default judgment.

Thereafter on August 26, defendant filed his answer together with a motion, supported by affidavit, to set aside the entry of default against him.

On September 7, Judge Robert Boyd granted defendants motion to set aside the default and denied plaintiff's motion for default judgment.

In this appeal, the controlling issue is the appealability of an order setting aside defendant's default.

Rule 1, M.R.App.Civ.P. provides:

"A party aggrieved may appeal from . . .

"(a) a final judgment entered in an action or proceeding commenced in a district court . . ."

As a general rule an order setting aside or refusing to set aside an entry of default where judgment has not been entered is not a final order and is, therefore, not appealable. Annot. 8 A.L.R. 3d 1278; 4 Am.Jur.2d, Appeal and Error § 127; *First-Citizens Bank & Trust v. R. & G. Const.* (1974), 24 N.C.App. 131, 210 S.E.2d 97.

Montana follows this general rule. We have specifically held that an order setting aside a default is not appealable since final judgment has not been entered from which an appeal can be taken.

*State ex rel. Smotherman v. District Court* (1914), 50 Mont. 119, 145 P. 724.

■ If the plaintiff is aggrieved by the final judgment at the conclusion of the District Court proceeding she can then invoke this Court's appellate jurisdiction.

This cause is remanded to the District Court for further proceedings.

MR. JUSTICES SHEA, DALY, HARRISON and SHEEHY concur.