No. 79-56

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

ROB ROY, individually and as
guardian ad litem of HEATHER ROY,

Plaintiff and Appellant,

vs.

WALTER NEIBAUER and JOHN CARLSON,

Defendant and Respondent.

---

Appeal from:  District Court of the Eighth Judicial District,
In and for the County of Cascade.
Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

For Appellant:

Hoyt, Trieweiler, Lewis & Regnier, Great Falls, Montana

For Respondent:

Jardine, Stephenson, Blewett & Weaver, Great Falls,
Montana
Tom Boland, Great Falls, Montana

---

Submitted on briefs: February 27, 1980

Decided: MAY 1 2 1980

Filed: MAY 1 2 1980

Thomas J. Kearney
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Plaintiff appeals an order of the Cascade County District Court granting summary judgment in favor of defendant Walter Neibauer. The plaintiff's action against the other defendant, John Carlson, is still pending. Because the order appealed from is not a final one, and the plaintiff failed to comply with the requirements of certification specified in Rule 54(b), M.R.Civ.P., this appeal is dismissed without prejudice. Because of the recurring problems this Court has faced with relation to piecemeal appeals, we are impelled to set forth the requirements which must be met for an appeal where the order appealed from is not otherwise final.

On January 5, 1979, the plaintiff commenced an action against his landlord, Walter Neibauer, and John Carlson, the tenant in the adjoining dwelling of the landlord's duplex. The complaint alleged that the defendants negligently permitted Carlson's dog to bite the plaintiff's ward, Heather Roy, when she was playing in the yard in front of the duplex, and sought damages for her injuries.

Both defendants filed answers to the complaint, but before the action proceeded to trial, the court granted defendant Neibauer's motion for a summary judgment. The court's order stated that the judgment did not concern the liability of the dog owner, John Carlson. The court simply determined that the landlord had no duty to remove his tenant's dog from the front yard of the duplex, and thus that he was not liable to the plaintiff. The plaintiff appeals this order.

The plaintiff's appeal is premature. A judgment which leaves undetermined the liability of one or more of the defendants cannot be appealed unless it is expressly made final upon a determination that there is no just reason for

-2-

delay. See Rule 1, M.R.App.Civ.P.; Rule 54(b), M.R.Civ.P.
See also Krusemark v. Hansen (1979), ___ Mont. ___, 597 P.2d
48, 36 St.Rep. 159; Knoepke v. Southwestern Ry. Co. (1979),
___ Mont. ____, 595 P.2d 376, 36 St.Rep. 957. The court's
order entered judgment in favor of only one of the defendants,
leaving the liability of defendant Carlson still to be
decided.

Plaintiff appealed from the order granting summary
judgment to defendant Walter Neibauer and made no attempt at
all to comply with the certification requirements of Rule
54(b). Because of this failure to comply we must dismiss
the appeal.

Although this Court has dismissed appeals in the past
for failure to comply with the requirements of Rule 54(b),
it seems that the message has not been received. See, for
example, Krusemark v. Hansen, supra; Knoepke v. Southwestern
Ry. Co., supra; In Re Marriage of Adams (1979), ___ Mont.
____, 598 P.2d 197, 36 St.Rep. 565. We have also dismissed
appeals involving trial court orders which were interlocutory
in nature and lacking a final judgment. See, for example,
Winter v. Rhodes (1979), ___ Mont. ___, 589 P.2d 1021, 36
St.Rep. 217; Blevins v. Kramer (1978), ___ Mont. ___, 587
P.2d 28, 35 St.Rep. 1843.

We tried to get this message across in rather strong
terms in the case of In Re Adoption of BGB (1979), ___ Mont.
____, 599 P.2d 375, 36 St.Rep. 1638, but still apparently to
no avail. In BGB, we stated:

> "Too often this Court is confronted with
> cases that are not ready for appellate
> review within the meaning of the rules, but
> where the opposing parties do not bring this
> crucial fact to our attention. We often do
> not discover this until we are deeply into the
> process of review and indeed often in the
> opinion-writing stage. We cannot and will not
> tolerate this state of affairs.

-3-

"If the case is not ready for review, it should not be appealed. If for some reason it is appealed prematurely, it is the duty of the parties to bring this to our attention by an appropriate motion to dismiss so that it can be remanded to the District Court. This Court does not have the time and the resources to be compelled to independently search the record to determine if all essential issues have first been decided at the District Court level." 599 P.2d at 381.

Here neither party called our attention to the fact that the summary judgment was interlocutory in nature and that a Rule 54(b) certification had not been obtained. Both parties proceeded as though this case was one perfectly proper to appeal with no further adieu after the trial court entered summary judgment in favor of defendant Neibauer.

We will set forth the applicable legal principles and procedural steps involved in relation to Rule 54(b). An adjudication lacks finality in a multiple claims or multiple parties action if the trial court adjudicates one or more but less than all of the claims. Krusemark v. Hansen, supra, 597 P.2d at 49, 36 St.Rep. at 160. The right of an immediate appeal from a partial judgment is governed by Rule 54(b), M.R.Civ.P.; In Re Marriage of Adams, supra; Krusemark v. Hansen, supra. Rule 54(b), M.R.Civ.P., modeled after Rule 54(b), F.R.Civ.P., allows the trial court to certify a judgment as final. Rule 54(b), F.R.Civ.P. is designed to facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action. Allis-Chalmers Corp. v. Philadelphia Electric Co. (3rd Cir. 1975), 521 F.2d 360, 363.

Rule 54(b) attempts to strike a balance between the undesirability of piecemeal appeals and the need to make review available at a time when it best serves the needs of the parties. Aetna Insurance Company v. Newton (3rd Cir. 1968), 398 F.2d 729, 734. It is in the discretion of the

-4-

District Court to grant or deny a request for a Rule 54(b) certification, Singer Housing Co. v. Seven Lakes Venture (D.Colo. 1979), 466 F.Supp. 369, 378; United Bank of Pueblo v. Hartford Acc. & Indem. Co. (10th Cir. 1976), 529 F.2d 490, 492. This does not mean, however, that the decision allowing an appeal to proceed should be lightly entered.

The proper procedure and approach which a trial court should take in relation to a certification under Rule 54(b), is discussed in Panichella v. Pennsylvania Railroad Company (3rd Cir. 1958), 252 F. 2d 452, 455:

> "Thus, the procedure contemplated by Rule 54(b) is usually more than a formality.. . . [A]n application for a 54(b) order requires the trial judge to exercise considered discretion, weighing the overall policy against piecemeal appeals against whatever exigencies the case at hand may present. Indeed, the draftsmen of this Rule have made explicit their thought that it would serve only to authorize 'the exercise of a discretionary power to afford a remedy in the infrequent harsh case.. . .' 28 U.S.C.A., Federal Rules of Civil Procedure, 118-119 note. It follows that 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule. See 6 Moore, Federal Practice, 1953, 264-265."

Because an appellate court cannot consider the merits of a nonfinal order, the threshhold question zeros in on the propriety of the Rule 54(b) certification. Allis-Chalmers Corp. v. Philadelphia Electric Co., supra, 521 F.2d at 362; Gumer v. Shearson, Hammill & Co., Inc. (2nd Cir. 1974), 516 F.2d 283, 285. In federal court practice it has been the rule that an appellate court may dismiss an appeal from a judgment certified pursuant to Rule 54(b), if it finds that the trial court abused its discretion in certifying the order. Sears Roebuck & Co. v. Mackey (1956), 351 U.S. 427, 437, 76 S.Ct. 895, 100 L.Ed. 1297. Indeed, it has

-5-

been held that if a trial court abuses its discretion in certifying an order of summary judgment as final, an appellate court is without jurisdiction to entertain the appeal. Allis-Chalmers Corp. v. Philadelphia Electric Co., supra, 521 F.2d at 362-363. See B. B. Adams Gen. Con., Inc. v. Department of HUD (5th Cir. 1974), 501 F.2d 176, 177.

The burden is on the party seeking final certification to convince the trial court that the case is the "infrequent harsh case" meriting a favorable exercise of discretion. Allis-Chalmers Corp. v. Philadelphia Electric Co., supra, 521 F.2d at 365; See Wright & Miller, Federal Practice and Procedure, Civil, §2659 (1973), at 75, et seq, and the fact that neither party objected to the issuance of a Rule 54(b) certificate is not sufficient reason to sustain a trial court's action. The trial court has an independent duty to avoid piecemeal appeals and protect parties' rights against prejudice resulting from premature appeal. Arlinghaus v. Ritenour (2d Cir. 1976), 543 F.2d 461, 464.

Rule 54(b) requires that before a certification can be made the trial court must find that there be "no just reason for delay." A proper exercise of discretion under this rule requires the trial court to do more than merely recite the magic words that there is "no just reason for delay." The trial court must clearly articulate the reasons and factors underlying its decision to order a Rule 54(b) certification. See In Re Adoption of BGB, supra, 599 P.2d at 381, 36 St.Rep. at 1746. As an appellate court we must have some basis for distinguishing between well grounded orders which have considered all of the relevant factors and mere boilerplate approval unsupported by the facts or an analysis of the law. Allis-Chalmers Corp. v. Philadelphia Electric Co., supra, 521

-6-

F.2d at 364. Also see Gumer v. Shearson, Hammill & Co., Inc., supra, 516 F.2d at 286; and Schwartz v. Compagnie General Transatlantique (2nd Cir. 1968), 405 F.2d 270, 275.

An appellate court will normally consider the following factors when considering a Rule 54(b) certification:

> "1. The relationship between the adjudicated and unadjudicated claims;
>
> "2. the possibility that the need for review might or might not be mooted by future developments in the district court;
>
> "3. the possibility that the reviewing court might be obliged to consider the same issue a second time;
>
> "4. the presence or absence of a claim or counter-claim which could result in a setoff against the judgment sought to be made final;
>
> "5. miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, triviality of competing claims, expense, and the like." Singer Housing Co. v. Seven Lakes Venture, supra, 466 F.Supp. at 378-379.

Depending, of course, on the particular case, all or some of the above factors may bear upon the propriety of the order granting a Rule 54(b) certification. Allis-Chalmers Corp. v. Philadelphia Electric Co., supra, 521 F.2d at 364. The guiding principles for a Rule 54(b) certification may be summarized as follows:

> ". . . (1) the burden is on the party seeking final certification to convince the district court that the case is the 'infrequent harsh case' meriting a favorable exercise of discretion; (2) the district court must balance the competing factors present in the case to determine if it is in the interest of sound judicial administration and public policy to certify the judgment as final; (3) the district court must marshall and articulate the factors upon which it relied in granting certification so that prompt and effective review can be facilitated." Allis-Chalmers Corp. v. Philadelphia Electric Co., supra, 521 F.2d at 365.

We expect that in the future, attorneys in this state will faithfully adhere to the rules which apply to appealable orders under Rule 1, and to the rules which apply to obtaining certification under Rule 54(b).

This appeal is dismissed without prejudice.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices