MR. JUSTICE SHEA
concurring:
I concur with the dismissal of this appeal upon the grounds that it is not ready for review. Rule 1, M.R.App.Civ.P. coupled with the failure to comply with Rule 54(b) (certification of questions for appeal which are not otherwise final), clearly requires this result. See Rob Roy v. Neibauer (1980), 188 Mont. 81, 610 P.2d 1185, where this Court, because of the persistent failure of the district courts and the attorneys of this state to comply with Rule 1 and Rule *316 54(b), we set out the procedures and requirements for obtaining certification.
It is clear that the District Court proceeded in blatant violation of the procedural rules governing trials. In essence, he granted the plaintiffs two bites of the apple. I am aware of no powers of the trial court to in effect open the trial up for an additional hearing on damages in the event the parties cannot reach agreement as to the damages. The question of damages was fully litigated at trial and the trial court has no right to impose an additional evidentiary hearing on the state in the event it does not capitulate to the plaintiffs’ demands. Either the record before the trial court establishes the right to compensation and the amount to which plaintiffs are entitled, or it does not. For this reason, upon this dismissal without prejudice, and remand to the District Court, I would direct the District Court to enter judgment based on the record before it. This court should not ignore the fact that the State of Montana also has rights in condemnation actions, and they have been manifestly abused in this case.