No. 14909

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

KNIGHT & COMPANY, a partnership,

Plaintiff and Appellant,

-vs-

FORT BELKNAP INDIAN AGENCY HOUSING AUTHORITY;
FORT BELKNAP BUILDERS, INC., a Montana
Corporation; FORT BELKNAP INDIAN TRIBE:
SMITH ENTERPRISES, INC. and the FIRST NATIONAL
BANK OF CIRCLE, MONTANA,

Defendants and Respondents.

---

Appeal from:   The District Court of the Twelfth Judicial
District, In and for the County of Blaine,
The Honorable B. W. Thomas, Judge presiding.

Counsel of Record:

For Appellant:

Graybill, Ostrem, Warner & Crotty, Great Falls,
Montana

For Respondent:

Towe, Ball, Enright and Mackey, Billings, Montana

---

Submitted on Briefs:  January 10, 1980

Decided:   JUN 20 1980

Filed:   JUN 20 1980

*Thomas J. Kearney*
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Knight & Company (herein referred to as Knight) appeals from an order of the Blaine County District Court granting the motion of the First National Bank of Circle (herein referred to as Bank) for summary judgment. Several issues are raised, but we determine that the procedural issue of whether Knight has improperly appealed an interlocutory order is dispositive of this appeal.

Although a full discussion of the facts is not necessary, a limited discussion is required. Knight, an architectural firm, prepared architectural drawings for the construction of 20 homes in Fort Belknap, Montana. On February 20, 1974, Knight filed suit against various parties for the recovery of architect fees for services completed by October 22, 1971. Similar cases in two other counties were eventually consolidated.

On May 3, 1974, the trial court entered an order dismissing defendants Fort Belknap Indian Agency Housing Authority and Fort Belknap Indian Tribe from the lawsuit for lack of jurisdiction. On November 6, 1978, the trial court entered default judgment against defendant Smith Enterprises, Inc., which Knight asserts is a bankrupt corporation. On January 17, 1979, defendant Bank filed a motion for summary judgment; and on February 6, 1979, summary judgment was entered in favor of the Bank. On February 13, 1979, Knight filed a motion to set aside the summary judgment, which was granted on April 13, 1979. The matter was reset for hearing, and on May 29, 1979, the trial court again granted the Bank's motion for summary judgment. This appeal followed.

This case involves multiple parties, more specifically multiple party defendants. The record shows that the entry

-2-

of summary judgment adjudicated the rights and liabilities of Knight and the Bank; however, the rights and liabilities of all of the party defendants have not been adjudicated. The current status of each party defendant is as follows:

"(1)  Fort Belknap Indian Agency Housing Authority dismissed for lack of jurisdiction.

"(2)  Fort Belknap Indian Tribe dismissed for lack of jurisdiction.

"(3)  Default judgment entered against Smith Enterprises, Inc.

"(4)  Summary judgment entered in favor of First National Bank of Circle, Montana.

"(5)  No determination as to Fort Belknap Builders, Inc. - action pending."

Fort Belknap Builders, Inc. is a party defendant in this case; and to date, the following actions have been taken concerning Fort Belknap Builders, Inc.:

"(1)  Motion to dismiss filed on April 17, 1974.

"(2)  Motion to dismiss denied on April 30, 1974.

"(3)  Answer to complaint filed on May 24, 1974.

"(4)  Attorney Thomas E. Towe's motion to withdraw as counsel filed on July 13, 1978.

"(5)  Notice of hearing on motion to withdraw as counsel filed on July 13, 1978.

"(6)  Order granting motion to withdraw as counsel filed on July 25, 1978.

"(7)  Certificate of service filed on August 4, 1978--Service of a copy of the Court order to defendant.

"(8)  District Court order directing plaintiff to give defendant notice to retain new counsel or appear in person filed on August 24, 1978."

The record clearly shows that the rights and liabilities of Fort Belknap Builders, Inc. have not been adjudicated. Under Rule 54, M.R.Civ.P., the order granting summary judgment here is not a final judgment because not all of the parties have been adjudicated. Additionally, the trial

court did not certify the summary judgment as final, under Rule 54(b), M.R.Civ.P. This case is not ripe for appellate review since the order of summary judgment is interlocutory; therefore, this appeal must be dismissed without prejudice under Rule 1, M.R.App.Civ.P.

As we noted in Roy v. Neibauer (1980), ____ Mont. ____, ____ P.2d ___, 37 St.Rep. 897, 898, we have previously dismissed appeals for failure to comply with Rule 54(b), M.R.Civ.P. See for example, Krusemark v. Hansen (1979), ____ Mont. ____, 597 P.2d 48, 36 St.Rep. 159; Knoepke v. Southwestern Ry. Co. (1979), ____ Mont. ____, 595 P.2d 376, 36 St.Rep. 957; In Re Marriage of Adams (1979), ___ Mont. ___, 598 P.2d 197, 36 St.Rep. 565. Roy thoroughly discussed appeals involving interlocutory orders and Rule 54(b). Roy clearly and specifically set forth the applicable principles, rules, and procedural steps involved in relation to a Rule 54(b) certification of final judgment.

Our extensive discussion in Roy is equally applicable here; however, we perceive an additional problem in this case which must be addressed. In the brief submitted to this Court on appeal, Knight stated that "Fort Belknap Builders, Inc. is a bankrupt corporation against which no further proceedings have been taken." Knight also stated ". . .the only real parties left in the suit are the Plaintiff and the First Bank of Circle, Montana.. . ." A careful review of the record reveals that it cannot be determined whether a voluntary or involuntary petition of bankruptcy has been filed in Federal Court concerning Fort Belknap Builders, Inc.; and herein lies the problem.

Recognizing that all of the rights and liabilities of all of the parties had not been adjudicated, Knight could have attempted to obtain an entry of default judgment against

-4-

Fort Belknap Builders, Inc. If this had been done, there would have been a final judgment, and consequently this case would be ripe for appellate review. However, if a bankruptcy petition has been filed in Federal Court, then Knight's action against Fort Belknap Builders, Inc. in Blaine County District Court may be stayed and Knight will not be able to obtain an entry of default judgment or further proceed against Fort Belknap Builders, Inc. Under federal law, the filing of a bankruptcy petition operates so as to stay other proceedings pending a Federal Court's determination on the bankruptcy petition. See Collier on Bankruptcy, Vol. 1A, (14th ed.), §11.

If a bankruptcy petition has been filed concerning Fort Belknap Builders, Inc., then it would be proper for Knight to petition for a Rule 54(b) certification of final judgment in order to facilitate appellate review. This cause of action was filed in February 1974 and is now going to be sent back to the trial court. This case has been in the courts for over 6 years and will probably be in the courts for sometime to come. Under these circumstances, this case would qualify as one of those infrequent harsh cases justifying a discretionary departure from the normal rule as to the time of appeal, in accordance with the principles enunciated in Roy.

However, if a bankruptcy petition has not been filed concerning Fort Belknap Builders, Inc., then Knight is free to proceed against Fort Belknap Builders, Inc. and may not petition the trial court for, and be granted, a Rule 54(b) certification of final judgment in order to quickly file a notice of renewed appeal with this Court. In Allis-Chalmers

-5-

Corp. v. Philadelphia Electric Co. (3rd Cir. 1975), 521 F.2d 360, 365, the Court discussed and distinguished between the granting of summary judgment and Rule 54(b) certification in the following manner:

> ". . . [t]he considerations which resulted in a grant of summary judgment are not the same considerations relevant to an order of final certification under Rule 54(b). Under summary judgment procedure, the essential inquiry is whether material facts are disputed. Under 54 (b) procedure, the essential inquiry is whether, after balancing the competing factors, finality of judgment should be ordered to advance the interests of sound judicial administration and public policy."

In the absence of a filed bankruptcy petition concerning Fort Belknap Builders, Inc., and considering the principles, relating to Rule 54(b) certification, the record here reveals no danger of hardship or injustice through delay which would be alleviated by immediate appeal. Under these circumstances there is absolutely nothing in the record meriting a conclusion that this is a case which qualifies as one of those infrequent harsh cases justifying the discretionary departure from the normal rule as to the time of appeal.

Appeal dismissed without prejudice.

_____
                                    Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
            Justices

-6-