No. 80-122

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

PIONEER CONCRETE & FUEL,
INC., a corporation,

               Plaintiff and Respondent,

    vs.

APEX CONSTRUCTION, INC.,
a corporation; and UNITED
PACIFIC INSURANCE COMPANY,
a corporation,

               Defendants, Third-Party
               Plaintiffs and Appellant,

    vs.

DARRELL BIRDSBILL, d/b/a
BIRDSBILL CEMENT CONTRACTOR,

               Third-Party Defendant.

---

Appeal from:  District Court of the Second Judicial District,
              In and for the County of Silver Bow,
              Honorable Arnold Olsen, Judge presiding.

Counsel of Record:

    For Appellants:

        Gough, Shanahan, Johnson and Waterman, Helena, Montana

    For Respondent:

        Corette, Smith, Dean, Pohlman and Allen, Butte, Montana

---

               Submitted on Briefs: October 9, 1980

               Decided: DEC 24 1980

Filed: DEC 24 1980

*Thomas J. Kearney*
_____
               Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

United Pacific Insurance Company appeals from an order directing the entry of judgment in favor of Pioneer Concrete & Fuel, Inc. The Silver Bow County District Court's order left a third-party complaint in the same action pending. We find the District Court's order nonappealable within Rule 1, M.R.App. Civ.P., and Rule 54(b), M.R.Civ.P., and dismiss this appeal without prejudice.

Plaintiff-respondent Pioneer Concrete & Fuel Inc., (Pioneer) brought an action against Apex Construction, Inc. (Apex) and United Pacific Insurance Co. (United Pacific) to collect an account. Apex and United Pacific in turn filed a third-party complaint against Darrell Birdsbill. Third-party plaintiffs obtained a default judgment against Birdsbill on August 27, 1979. A trial was held on the original complaint on October 30, 1979. Prior to any determination on the original complaint by the Silver Bow County District Court, Birdsbill moved to have the default judgment set aside. On December 28, 1979, a hearing was held on Birdsbill's motion and the District Court took the matter under advisement. The District Court entered its findings of fact, conclusions of law and judgment in the original complaint on January 8, 1980. The court found defendant Apex liable on its account with Pioneer and found that United Pacific was liable for any indebtedness of Apex under subcontract bonds issued to Apex. On January 18, 1980, the District Court entered its order setting aside the default judgment which had previously been entered against third-party defendant Darrell Birdsbill.

Rule 54(b), M.R.Civ.P., provides:

> "Judgment upon multiple claims or involving multiple parties. When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just

- 2 -

reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Rule 14, M.R.Civ.P., expressly provides that an entry of judgment upon either the original claim or the third-party claim must comply with Rule 54(b), M.R.Civ.P.

In the present case, the District Court did not make an "express determination that there is no just reason for delay." Consequently, the order was interlocutory in nature and not appealable under Rule 1, M.R.App.Civ.P. See Roy v. Neibauer (1980), ____Mont.____, 610 P.2d 1185, 37 St.Rep. 897, and cases cited therein.

Professor Moore summarizes the issue as follows:

"If a third-party claim becomes part of the action, the action then involves multiple claims, as well as multiple parties, even though it did not prior to the impleader; and an adjudication of one or more but fewer than all of the claims, or of the interest of one or more but fewer than all of the parties, is interlocutory where the district court does not execute its certificate. Whether to execute a certificate following an adjudication as to one or more but fewer than all of the claims or parties rests in the sound discretion of the district court.

" . . .

"In brief, then, once a third-party has been impleaded the action involves multiple claims and multiple parties; a third-party claim is one of the claims for relief mentioned in 54(b); and an adjudication as to one or more but fewer than all of the multiple claims or parties is interlocutory, absent a certificate, and has finality when the certificate is executed." 6 Moore's Federal Practice ¶ 54.36.

Although a slight difference exists between the Montana Rules of Civil Procedure and the Federal Rules of Civil Procedure, the approach to be taken is the same. Rule 54(b), Fed.R.Civ.P., expressly provides that it applies to third party

claims and there is no reference in Rule 14, Fed.R.Civ.P., to Rule 54(b). On the other hand, Rule 54(b), M.R.Civ.P., merely provides that it applies to "multiple claims" or "multiple parties," and Rule 14, M.R.Civ.P., states that any judgment entered in an action involving a third-party claim must be in "accordance with the provisions of Rule 54(b)."

We conclude that the attempted appeal is premature and it is dismissed without prejudice.

Chief Justice

We concur:

Justices