No. 03-272

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT

DALE T. KOHLER and JEANNE M. KOHLER,

Plaintiffs and Respondents,

v.

ALBERT A. CROONENBERGHS and ROSE S.
CROONENBERGHS,

Defendants and Appellants,

ERMA W. LEWIS, COMMONWEALTH LAND
TITLE INSURANCE, and FLR PARTNERSHIP,
LLP, d/b/a LAMBROS REAL ESTATE,

Defendants and Respondents.

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and for the County of Missoula, D.V. 99-88142
                The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

        Richard R. Buley, Tipp & Buley, Missoula, Montana

        For Respondents:

                Gary L. Graham, Garlington, Lohn & Robinson, Missoula, Montana
(Lambros                Real Estate); Cynthia K. Smith, Smith Law Offices, Missoula,
Montana                 (Kohlers); Gregory G. Schultz, Petit & Schultz, Missoula, Montana
                (Commonwealth)

                                        Submitted on Briefs: August 28, 2003

                                        Decided:

Filed:

_____
                        Clerk

Justice James C. Nelson delivered the Opinion and Order of the Court.

¶1  This is an appeal from the Fourth Judicial District Court's opinion and order granting partial summary judgment against Albert A. and Rose S. Croonenberghs (the Croonenberghs) on Counts II and III of the amended complaint of Dale T. and Jeanne M. Kohler (the Kohlers), seeking, among other things, an order establishing a fence line and a 1976 survey line as the boundary between the Kohlers' and the Croonenberghs' respective properties.

¶2  By way of further background, on May 31, 2000, the Kohlers filed their Amended Complaint and Demand for Trial by Jury against the Croonenberghs, Erma W. Lewis (Lewis), Commonwealth Land and Title Insurance (Commonwealth) and FLR Partnership, LLP, d/b/a Lambros Real Estate (Lambros).  The Kohlers' amended complaint specified eleven counts and included, in addition to the claim aforementioned, various claims for damages against the Croonenberghs, Lewis, Lambros and Commonwealth.

¶3  In due course, the Kohlers and Commonwealth, in its capacity as the Kohlers' title insurer, moved for partial summary judgment against the Croonenberghs as to the claims in Counts II and III of the amended complaint.  Lambros joined in this motion.  A few weeks later, the Croonenberghs moved for summary judgment against the remaining defendants and objected to the Kohlers' and Commonwealth's motion for partial summary judgment. Following briefing and a hearing, the trial court granted the Kohlers' and Commonwealth's motion for partial summary judgment holding that the 1976 boundary line agreement should be enforced as a matter of law.  Specifically, the court granted partial summary judgment in favor of the Kohlers, Commonwealth and Lambros and against the Croonenberghs on Counts

2

II and III of the amended complaint and denied the Croonenberghs' motion for summary judgment against the Kohlers.

¶4 Lambros then filed a Motion and Brief requesting that the trial court certify the court's order of September 9, 2002, as final as to Lambros pursuant to Rule 54(b), M.R.Civ.P. Similarly, the Kohlers and Commonwealth moved for Rule 54(b) certification as to them. The Kohlers and Commonwealth maintained that the court's ruling on Counts II and III of the amended complaint also disposed of Counts I, IV, VII and VIII.[1] They also contended that the court's order disposed of Counts IX, X and XI, leaving only Counts V and VI, the Kohlers' tort claims against the Croonenberghs, for further litigation. In their motion for certification, the Kohlers cite this Court's decision in *Roy v. Neibauer* (1980), 188 Mont. 81, 610 P.2d 1185.

¶5 For their part, the Croonenberghs objected to Commonwealth's, Lambros', and the Kohlers' motions for certification contending that the court's opinion and order were not final; had not disposed of all claims; and that the criteria for Rule 54(b) certification set out in *Roy* were not met. After further briefing by the Kohlers and Commonwealth, the court entered its order of certification on February 10, 2003.

¶6 In its entirety the court's order of certificaton states:

> Upon application pursuant to Rule 54(b), M.R.Civ.P., good cause having been shown, and there being no just reason for delay, the Court hereby

---

[1] Here, the Kohlers and Commonwealth contended that Defendant Lewis had never been found to be served, but that Counts VII and VIII likely could be dismissed because the court's opinion and order determined that Lewis's representations about the boundary line were true.

certifies the Order of September 9, 2002, as a final partial Judgment as to Counts II and III of Plaintiffs' Complaint. Additionally, the Order of September 9, 2002 is also certified as a final Judgment as to Defendant Lambros.

¶7 On this procedural background, we conclude that the court's failure to comply with our decisions in *Roy* and in *Weinstein v. Univ. of Mont., at Missoula* (1995), 271 Mont. 435, 898 P.2d 101, in entering its certification order, requires dismissal of this appeal without prejudice.

## DISCUSSION

¶8 The dispositive issue is whether the court's certification order meets the criteria set forth in *Roy* and in *Weinstein*. We conclude that it does not.

¶9 While neither party raised this issue, we do so, *sua sponte*, for the reason that if a district court abuses its discretion in certifying an order as final under Rule 54(b), we are without jurisdiction to entertain the appeal. *Weinstein*, 271 Mont. at 440, 898 P.2d at 104 (citing *Reidy v. Anaconda-Deer Lodge County* (1981), 196 Mont. 127, 130, 637 P.2d 1196, 1197).

¶10 In *Roy*, we set forth in some detail the procedural steps and an underlying rationale for Rule 54(b) certification. Among other things, we noted that the Rule "attempts to strike a balance between the undesirability of piecemeal appeals and the need to make review available at a time when it best serves the needs of the parties." *Roy*, 188 Mont. at 85, 610 P.2d at 1188 (citations omitted).

¶11 We then went on to note:

This does not mean, however, that the decision allowing an appeal to proceed

4

should be lightly entered.

> . . . Indeed, the draftsmen of this Rule have made explicit their thought that it would serve only to authorize "the exercise of a discretionary power to afford a remedy in the infrequent harsh case . . . ." It follows that 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only "in the infrequent harsh case" as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule.

*Roy*, 188 Mont. at 85, 610 P.2d at 1188 (citations omitted).

¶12    At the outset, we note that there is nothing in the District Court's certification order or, for that matter, in the parties' motion and brief seeking certification, demonstrating that the case at bar is the "infrequent harsh case." Rather, this case involves little more than a routine partial summary judgment disposing of some, but not all of the claims raised in the amended complaint, and some but not all of the parties. Specifically, the court's September 9, 2002 Opinion and Order facially disposed of only two of eleven counts in the amended complaint and did not dispose of Defendant Lewis.

¶13    As we noted in *Roy*:

> The burden is on the party seeking final certification to convince the trial court that the case is the "infrequent harsh case" meriting a favorable exercise of discretion.

*Roy*, 188 Mont. at 86, 610 P.2d at 1188 (citations omitted).

¶14    Rule 54(b) provides for certification when, among other things, "there is no just reason for delay." We note that the trial court's certification order quotes this language. Notwithstanding, in *Roy*, we stated that a proper exercise of discretion by the trial judge requires the court to do more than "merely recite the magic words." *Roy*, 188 Mont. at 86,

610 P.2d at 1189. Rather, the trial court "must clearly articulate the reasons and factors underlying its decision to order a Rule 54(b) certification." *Roy*, 188 Mont. at 86, 610 P.2d at 1189. We went on to note that an appellate court is entitled to have some basis for distinguishing between well-grounded orders which have considered all of the relevant factors and mere boiler-plate approval unsupported by the facts or an analysis of the law. *Roy*, 188 Mont. at 86, 610 P.2d at 1189.

¶15     We then listed those factors that an appellate court will normally consider in a Rule 54(b) certification. Those include:

> (1) The relationship between the adjudicated and unadjudicated claims;
> (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
> (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final;
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, triviality of competing claims, expense, and the like.

*Roy*, 188 Mont. at 87, 610 P.2d at 1189 (citations omitted).

¶16     Finally, we set forth three guiding principles for Rule 54(b) certification summarizing those as:

> (1) the burden is on the party seeking final certification to convince the district court that the case is the "infrequent harsh case" meriting a favorable exercise of discretion; (2) the district court must balance the competing factors present in the case to determine if it is in the interest of sound judicial administration and public policy to certify the judgment as final; (3) the district court must marshall and articulate the factors upon which it relied in granting certification so that prompt and effective review can be facilitated.

*Roy*, 188 Mont. at 87, 610 P.2d at 1189 (citations omitted).

6

¶17   It is undisputed that the trial court's perfunctory certification order in this case discusses neither the factors nor the guiding principles set forth in *Roy*.

¶18   *Roy*, and the analysis required of the trial court, was reaffirmed in *Weinstein*. Additionally, we noted in *Weinstein* that

> [i]deally the facts and theories separated for immediate appeal should not overlap with those retained; to the extent they do, the court of appeals is "deciding" claims still pending in the district court, and may have to cover the same ground when the district court acts on the residue.

*Weinstein*, 271 Mont. at 442, 898 P.2d at 105 (citations omitted).

¶19   The case at bar implicates this concern as well.  The trial court's partial summary judgment order only disposed of Counts II and III of the amended complaint. Notwithstanding, the movants for certification argued to the trial court that the claims in Counts II and III disposed of or mooted a number of the other counts leaving, apparently, four counts for further litigation including two counts, pertaining to Defendant Lewis, which may or may not have been resolved.  The court's certification order addresses none of these contentions and, indeed, were we to rule on the merits of this appeal, this Court would be deciding claims which are still technically pending in the District Court.

¶20   Finally, our admonition in *Roy* bears repeating here:

> Too often this Court is confronted with cases that are not ready for appellate review within the meaning of the rules, but where the opposing parties do not bring this crucial fact to our attention.  We often do not discover this until we are deeply into the process of review and indeed often in the opinion-writing stage.  We cannot and will not tolerate this state of affairs.

*Roy*, 188 Mont. at 84, 610 P.2d at 1187 (citation omitted).

¶21   We hold, as we did in *Roy* and *Weinstein*, that here, the District Court erred in failing

7

to apply the factors and guiding principles set forth in *Roy* and *Weinstein* as discussed above. Accordingly, as we did in those cases, we hold that the District Court abused its discretion in certifying its partial summary judgment Opinion and Order of September 9, 2002, as final under Rule 54(b), M.R.Civ.P. We are, therefore, without jurisdiction to hear this appeal. We reverse the District Court's order certifying its partial summary judgment Opinion and Order as a final judgment and we dismiss this appeal without prejudice.

¶22    Reversed and remanded for further proceedings consistent with this Opinion.

_____
Justice

We Concur:


_____
Chief Justice


_____


_____
Justices

8