ORIGINAL



FILED

04/12/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0163

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 22-0163

R-MONTANA ASSOCIATES, LP,

Plaintiff and Appellee,

v.

KEVIN FULBRIGHT AND ACCESS FITNESS,
INC. et al.,

Defendants and Appellants.

FILED

APR 1 2 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Defendants and Appellants Kevin Fulbright and Access Fitness, Inc., have filed a notice of appeal from the Fourth Judicial District Court's March 3, 2002 Order Granting Partial Summary Judgment to R-Montana in that Court's Cause No. DV-21-422. The appeal is from an order certified as final by the District Court pursuant to M. R. Civ. P. 54(b). The District Court's partial summary judgment order included an order for Access Fitness to vacate the "Lease Premises" at issue in the litigation by March 7, 2022. The issue of damages for delinquent rent remains to be resolved.

Pursuant to M. R. App. P. 4(4)(b), we have reviewed the District Court's certification order for compliance with M. R. App. P. 6(6). That rule allows a court to direct entry of final judgment on an otherwise interlocutory order "only upon an express determination that there is no just reason for delay, pursuant to M. R. Civ. P. 54(b)." The rule further requires the court, "in accordance with existing case law, [to] articulate in its certification order the factors upon which it relied in granting certification[.]" As set forth in *Roy v. Neibauer*, 188 Mont. 81, 87, 610 P.2d 1185, 1189 (1980), the factors this Court normally considers regarding a Rule 54(b) certification include: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be

mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, triviality of computing claims, expense, and the like. "[A]ll or some of the above factors may bear upon the propriety of the order granting a Rule 54(b) certification" in a particular case. *Roy*, 188 Mont. at 87, 610 P.2d at 1189.

In certifying its partial summary judgment order, the District Court recognized its obligation to balance the competing factors present in the case to determine if it is in the interest of sound judicial administration and public policy to certify the judgment as final. It concluded that there was no just reason for delay, and the judgment should be certified for immediate appeal. We require a certifying district court to "marshall [sic] and articulate the factors upon which it relied in granting certification so that prompt and effective review can be facilitated." *Kohler v. Croonenberghs*, 2003 MT 260, ¶ 16, 317 Mont. 413, 417, 77 P.3d 531 (citing *Roy*, 188 Mont. at 87, 610 P.2d at 1189). The District Court did not discuss the *Roy* factors individually or sequentially, but it did articulate its reasoning for concluding that the "infrequent harsh case" threshold had been met. *Roy*, 188 Mont. at 87, 610 P.2d at 1188.

The court explained that the issue on which judgment was granted was its ruling on standing. The effect of its order—compelling Access Fitness to vacate the premises—would allow R-Montana to lease the premises to another tenant. At that point, the court reasoned, "there is no meaningful relief that could be granted to Access Fitness on appeal some months down the road after the issue of damages is resolved." It acknowledged R-Montana's concern about continued failures to pay rent, but observed, "that is a harm that can be remedied as part of the ongoing litigation before this Court on the issue of damages arising

2

from breach of the Lease agreement." The court found no just reason for delay, noting that appeal of the standing issue would not impact a determination of payments made or damages suffered, and the two issues are "separate and distinct." It noted further the parties' agreement "that future developments before this Court on the damages claim have no prospect of mooting the standing issue, that it is unlikely the Montana Supreme Court would have to consider the standing issue twice, [and] there are no pending counterclaims that could result in a setoff against this Court's judgement [sic]." On the other hand, the court opined, denying certification had the potential to cause Access Fitness irreparable harm.

Upon review, we conclude that the court's certification order is in substantial compliance with the requirements of Rule 6(6) and our case law interpreting certification orders under Rule 54(b).

IT IS THEREFORE ORDERED that this appeal may proceed.

The Clerk is directed to provide copies of this Order to all counsel of record.

DATED this 12 day of April, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

3