ORIGINAL

**FILED**

08/16/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0380

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 22-0380

KOREY L. AARSTAD, et al.,

    Plaintiffs and Appellants,

v.

BNSF RAILWAY COMPANY, a Delaware
corporation; JOHN SWING; MARYLAND
CASUALTY COMPANY, a Maryland
Corporation; ROBINSON INSULATION
COMPANY, a Montana Corporation for profit; and
DOES A-Z,

    Defendants and Appellees.

FILED

AUG 1 6 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

---

Counsel for Plaintiffs and Appellants Korey L. Aarstad, et al., have filed a notice of appeal from the June 15, 2022 Entry of Judgment as to Plaintiffs entered in the Asbestos Claims Court of the State of Montana, Twenty-Third Judicial District Court, in its Cause No. DV-57-20160000785-AE.

The Entry of Judgment as to Plaintiffs states, in its entirety:

> On June 9, 2021 the Honorable Judge Amy Eddy signed an Order dismissing all claims on the deferred docket unless the plaintiffs filed a motion to activate by October 29, 2021. Plaintiffs [sic] claims were placed on the deferred docket and no motion to activate was filed by the October 29, 2021 deadline. The Court finds pursuant to Mont. R. Civ. P. 54(b) that there is no just reason for delaying the entry of judgment as to the claims brought by Plaintiffs. JUDGMENT IS HEREBY ENTERED in favor of Defendants BNSF Failrway Co. and John Swing.

Pursuant to M. R. App. P. 4(4)(b), we have reviewed the Asbestos Claims Court's June 15, 2022 Entry of Judgment for compliance with M. R. App. P. 6(6). Rule 6(6) provides that a district court may direct entry of final judgment under Rule 54(b) only upon an express determination that there is no just reason for delay and, "[i]n so doing, the

district court must balance the competing factors present in the case to determine if it is in the interest of sound judicial administration and public policy to certify the judgment as final, and the court shall, in accordance with existing case law, articulate in its certification order the factors upon which it relied in granting certification . . . ."

If a court abuses its discretion in certifying an order as final under Rule 54(b), we are without jurisdiction to entertain the appeal. *Kohler v. Croonenberghs*, 2003 MT 260, 317 Mont. 413, 77 P.3d 531. Thus, even if not raised by a party, we will *sua sponte* determine if the court's certification order meets the criteria we have set forth in *Roy v. Neibauer*, 188 Mont. 81, 610 P.2d 1185 (1980), and *Weinstein v. University of Montana*, 271 Mont. 435, 898 P.2d 101 (1995). *Kohler*, ¶¶ 8-9.

To meet these criteria, the trial court must do more than "merely recite the magic words" that "there is no just reason for delay." *Kohler*, ¶ 14 (citation omitted). As set forth in *Roy*, 188 Mont. at 87, 610 P.2d at 1189, the factors this Court normally considers regarding a Rule 54(b) certification include: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the trial court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, triviality of computing claims, expense, and the like. In certifying an order under Rule 54(b), a court must follow three "guiding principles": (1) the burden is on the party seeking certification to convince the trial court that the case is the "infrequent harsh case" meriting a favorable exercise of discretion; (2) the court must balance the competing factors present in the case to determine if it is in the interest of sound judicial administration and public policy to certify the judgment as final; and (3) the court must marshal and articulate the factors upon which it relied in granting certification so that prompt and effective review can be facilitated. *Kohler*, ¶ 16 (citing *Roy*, 188 Mont. at 87, 610 P.2d at 1189).

2

In *Kohler*, we reversed a district court's Rule 54(b) certification because it failed to discuss *Roy's* factors and guiding principles, but was merely a "perfunctory certification." *Kohler*, ¶ 17. Similarly here, the Asbestos Claims Court did not discuss *Roy's* factors and guiding principles nor did it articulate the basis of its determination that there is no just reason for delay as set forth in M. R. App. P. 6(6).

For that reason, we conclude the court's certification order is not in substantial compliance with the requirements of Rule 6(6) and our case law interpreting certification orders under Rule 54(b).

IT IS THEREFORE ORDERED that this appeal is DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to provide copies of this Order to all counsel of record.

Dated this ___ day of August, 2022.

<u>                    </u>

<u>                    </u>

<u>                    </u>

<u>                    </u>

<u>                    </u>
                                    Justices

3