ORIGINAL

**FILED**

05/30/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0272

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 23-0272

PLANNED PARENTHOOD OF MONTANA
and PAUL FREDERICK HENKE, M.D., on
behalf of themselves and their patients,

        Plaintiffs and Appellees,

v.

STATE OF MONTANA and AUSTIN
KNUDSEN, Attorney General of the State of
Montana, in his official capacity, and his agents
and successors,

        Defendants and Appellants.

FILED

MAY 3 0 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

---

The State of Montana has filed a notice of appeal from the First Judicial District Court's February 21, 2023, Opinion and Order on Cross Motions for Summary Judgment in that Court's Cause No. DDV-2013-407. The appeal is from an order certified as final by the District Court pursuant to M. R. Civ. P. 54(b).

The District Court's summary judgment order granted judgment to Plaintiffs and Appellees Planned Parenthood of Montana and Paul Frederick Henke declaring unconstitutional Montana's Parental Consent for Abortion Act of 2013, 2013 Mont. Laws 307 (Consent Act). In the same order, the court denied Plaintiffs' motion for partial summary judgment on the Parental Notice of Abortion Act, 2011 Mont. Laws 307 (Notice Act), and set a trial on the privacy and equal protection claims pertaining to that Act. On the parties' motions for certification, the District Court certified as final its ruling on the Consent Act. The court did not certify that portion of its order denying Plaintiffs summary judgment with respect to the Notice Act.

Pursuant to M. R. App. P. 4(4)(b), we have reviewed the District Court's certification order for compliance with M. R. App. P. 6(6). That rule allows a court to direct entry of

final judgment on an otherwise interlocutory order "only upon an express determination that there is no just reason for delay, pursuant to M. R. Civ. P. 54(b)." The rule further requires the court, "in accordance with existing case law, [to] articulate in its certification order the factors upon which it relied in granting certification[.]" As set forth in *Roy v. Neibauer*, 188 Mont. 81, 87, 610 P.2d 1185, 1189 (1980), the factors this Court normally considers regarding a Rule 54(b) certification include: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, triviality of computing claims, expense, and the like. "[A]ll or some of the above factors may bear upon the propriety of the order granting a Rule 54(b) certification" in a particular case. *Roy*, 188 Mont. at 87, 610 P.2d at 1189.

We require a certifying district court to "marshall [sic] and articulate the factors upon which it relied in granting certification so that prompt and effective review can be facilitated." *Kohler v. Croonenberghs*, 2003 MT 260, ¶ 16, 317 Mont. 413, 417, 77 P.3d 531 (citing *Roy*, 188 Mont. at 87, 610 P.2d at 1189). In certifying its partial summary judgment order, the District Court thoroughly considered the competing factors present in the case to determine if it is in the interest of sound judicial administration and public policy to certify the judgment as final. With respect to the Consent Act, it concluded that there was no just reason for delay, and the judgment should be certified for immediate appeal. The court discussed each factor and explained its rationale for concluding that an immediate appeal of the Consent Act bears little risk that appellate review will be reduced to an advisory opinion, cause unwarranted duplication, or be frustrated by the ongoing litigation in the District Court related to the Notice Act. The court further stated,

> Certification partially accommodates the long delay in this case and vindicates the public policy in timely disposition of constitutional questions. In short, this Court concludes that this is indeed the "infrequent harsh case" where there is

2

no just reason for delay and that it is in the interest of sound judicial administration and public policy to certify the Court's order enjoining the Consent Act for immediate appeal.

The court explained further why its denial of partial summary judgment on the Notice Act did not warrant certification for immediate appeal.

Upon review, we conclude that the court's certification order complies with the requirements of Rule 6(6) and our case law interpreting certification orders under Rule 54(b).

IT IS THEREFORE ORDERED that this appeal may proceed.

The Clerk is directed to provide copies of this Order to all counsel of record.

DATED this 30 day of May, 2023.

Justices