FILED

08/20/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0459



IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 24-0459

_____

IN THE MATTER OF THE ESTATE OF
DAVID BRIAN WOLFE,

Deceased.

WENDY WOLFE,

Plaintiff and Appellant,

v.

PHILIP M. WOLFE, AND DOES 1-5,

Defendants and Appellees.

 O R D E R

FILED

AUG 2 0 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

_____

Counsel for Plaintiff and Appellant Wendy Wolfe (Wolfe) has appealed from the July 26, 2024, Order Granting Defendant's Motion for Summary Judgment issued by the Eleventh Judicial District Court, Flathead County, in consolidated Cause Nos. DP-15-2024-0000079-IT and DV-15-2023-0001417-QT. Wolfe asserted in her Amended Notice of Appeal that this appeal is taken from an order certified as final under M. R. Civ. P. 54(b), which she attached as required by this Court. The attached Certification & Entry of Final Judgment states, in its entirety:

> Pursuant to the Plaintiff's Request for Rule 54(b) Certification and Entry of Final Judgment filed on August 8, 2024, and for good cause shown, the Court hereby certifies, pursuant to Mont.R.Civ.P. Rule 54(b), that its *Order Granting Defendant's Motion for Summary Judgment* dated July 26, 2024, is a final Judgment that may be appealed as there is no good cause for delay. This Judgment is final under Rule 54(b), M.R.Civ.P, as Plaintiff's civil action was consolidated with the probate action and there are still probate matters for the Court to oversee.

Pursuant to M. R. App. P. 4(4)(b), we have reviewed the District Court's Certification & Entry of Final Judgment for compliance with M. R. App. P. 6(6). Rule

6(6) provides that a district court may direct entry of final judgment under Rule 54(b) only upon an express determination that there is no just reason for delay and, "[i]n so doing, the district court must balance the competing factors present in the case to determine if it is in the interest of sound judicial administration and public policy to certify the judgment as final, and the court shall, in accordance with existing case law, articulate in its certification order the factors upon which it relied in granting certification . . . ."

If a court abuses its discretion in certifying an order as final under Rule 54(b), we are without jurisdiction to entertain the appeal. *Kohler v. Croonenberghs*, 2003 MT 260, 317 Mont. 413, 77 P.3d 531. Thus, even if not raised by a party, we will *sua sponte* determine if the court's certification order meets the criteria we have set forth in *Roy v. Neibauer*, 188 Mont. 81, 610 P.2d 1185 (1980), and *Weinstein v. University of Montana*, 271 Mont. 435, 898 P.2d 101 (1995). *Kohler*, ¶¶ 8-9.

To meet these criteria, the trial court must do more than "merely recite the magic words" that "there is no just reason for delay." *Kohler*, ¶ 14 (citation omitted). As set forth in *Roy*, 188 Mont. at 87, 610 P.2d at 1189, the factors this Court normally considers regarding a Rule 54(b) certification include: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the trial court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, triviality of computing claims, expense, and the like.

In certifying an order under Rule 54(b), a court must follow three "guiding principles": (1) the burden is on the party seeking certification to convince the trial court that the case is the "infrequent harsh case" meriting a favorable exercise of discretion; (2) the court must balance the competing factors present in the case to determine if it is in the interest of sound judicial administration and public policy to certify the judgment as final;

2

and (3) the court must marshal and articulate the factors upon which it relied in granting certification so that prompt and effective review can be facilitated. *Kohler*, ¶ 16 (citing *Roy*, 188 Mont. at 87, 610 P.2d at 1189).

In *Kohler*, we reversed a district court's Rule 54(b) certification because it failed to discuss *Roy's* factors and guiding principles, but was merely a "perfunctory certification." *Kohler*, ¶ 17. Similarly here, the District Court did not discuss *Roy's* factors and guiding principles nor did it articulate the basis of its determination that there is no just reason for delay as set forth in M. R. App. P. 6(6).

For that reason, we conclude the court's certification order is not in substantial compliance with the requirements of Rule 6(6) and our case law interpreting certification orders under Rule 54(b).

IT IS THEREFORE ORDERED that this appeal is DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to provide copies of this Order to all counsel of record.

Dated this ___20___ day of August, 2024.

_____

_____

_____

_____

_____
Justices