No. 81-305

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

MICHAEL T. REIDY,

Plaintiff and Appellant,

vs.

ANACONDA-DEER LODGE COUNTY, MONTANA

Defendants and Respondents.

---

Appeal from: District Court of the Third Judicial District,
In and for the County of Deer Lodge
Honorable Robert Boyd, Judge presiding

Counsel of Record:

For Appellant:

Haxby and Sweeney, Butte, Montana
Bradley L. Belke argued, Butte, Montana

For Respondents:

Poore, Roth, Robischon & Robinson, Butte, Montana
Douglas A. Buxbaum argued, Butte, Montana

---

Submitted: December 4, 1981

Decided: **DEC 2 3 1981**

Filed: **DEC 2 3 1981**

*Thomas J. Kearney*

Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

In an action for breach of contract by a developer of a projected shopping mall complex against the consolidated city-county government of Anaconda-Deer Lodge County, the District Court granted partial summary judgment against the developer striking his claim for loss of a percentage of income and ownership of the proposed complex. The developer appeals. We vacate the summary judgment and remand for further proceedings.

In June, 1978, plaintiff Michael Reidy and defendant Anaconda-Deer Lodge County entered into an agreement for the development of a shopping mall complex in a six-block area of downtown Anaconda, Montana.

In November 1979, Reidy filed an action for breach of contract against Anaconda-Deer Lodge County alleging that it failed to purchase the land for the development and transfer it to Reidy for construction as required by the contract, and further terminated the contract unilaterally without just cause. He sought damages of $519,791.28 consisting of (1) costs incurred in attempting to perform the contract ($19,791.28); (2) loss of builder's profit ($90,000); and (3) loss of his percentage of income and ownership of the complex ($410,000).

Anaconda-Deer Lodge County moved for partial summary judgment on the last item of claimed damages contending that damages cannot be awarded for lost profits of an unestablished business. The District Court granted partial summary judgment holding that no recovery could be awarded for Reidy's alleged loss of a percentage of income and ownership of the completed complex.

On June 10, 1981, Reidy appealed from the partial summary judgment. Thereafter on August 18 Reidy moved for certification under Rule 54(b), M.R.Civ.P., that the partial summary judgment was final in nature so as to render it appealable. On August 19, the District Court granted Rule 54(b) certification.

The District Court in its order of certification and in

its memorandum opinion indicated that it had considered the factors enumerated in Roy v. Neibauer (1980), ____Mont.____, 610 P.2d 1185, 37 St.Rep. 897. It indicated that Reidy was entitled to a favorable exercise of discretion in determining whether certification should be granted because this case was of such an infrequent and harsh nature that certification should be granted.

The District Court indicated that the different items of claimed damages did not overlap; that there was no possibility of a set off; that the reviewing court would not be obliged to consider this issue a second time; that it intended its ruling to be final; and that the delay, detrimental economic consequences and unwarranted additional expense would be unjust to Reidy.

The issue posited by Reidy in this appeal is whether damages are allowable in a breach of contract action for lost profits of an unestablished business.

We do not reach this issue in this appeal. We will not permit cases to be fragmented in this manner to allow successive appeals in a single case where reasonable alternatives are available. Such action constitutes an unjustifiable waste of scarce judicial time and resources.

We repeat what we said in Roy v. Neibauer, supra. If a trial court abuses its discretion in certifying an order of summary judgment as final under Rule 54(b), an appellate court is without jurisdiction to entertain the appeal. Allis-Chalmers Corp. v. Philadelphia Electric Co. (3rd Cir. 1975), 521 F.2d 360. An appellate court will normally consider the following factors when considering a Rule 54(b) certification:

(1) The relationship between the adjudicated and unadjudicated claims;

(2) The possibility that the need for review might or might not be mooted by future developments in the District Court;

(3) The possibility that the reviewing court might be obliged to consider the same issue a second time;

(4) The presence or absence of a claim or counterclaim which could result in a setoff against the judgment sought to be made final;

(5) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, triviality of competing claims, expense and the like. Roy v. Neibauer, supra; Singer Housing Co. v. Seven Lakes Venture (D.Colo. 1979), 466 F.Supp. 369.

Here we are asked to hear, determine and issue an opinion on whether one of three items of damage is permissible before a determination of liability for any damages has occurred. While it is true that such determination in advance of trial would finally settle the legality of that item and might reduce trial time, it is equally true that delaying the trial pending determination of that issue on appeal results in undesirable consequences, viz., unwarranted delay, additional costs involving filing fees, preparation of briefs, travelling to the State Capitol for oral argument and additional attorney fees for their services on appeal. Consideration and balancing of these competing factors is required under our opinion in Roy v. Neibauer, supra.

The issue in this appeal might well be mooted by future developments in the District Court, another factor to be considered under Roy. A finding of no liability under the contract by judge or jury would certainly moot any issue of damages.

Reasonable alternatives to a fragmented appeal are available in this case. The trial could be bifurcated with the issue of liability first determined before addressing any issue of damages. Rule 42(b), M.R.Civ.P.; Monaco v. Cecconi (1979), _____Mont._____, 589 P.2d 156; 36 St.Rep. 113. If the issue of damages were reached in either a bifurcated or nonbifurcated trial, the district judge could admit all evidence of damages provisionally subject to a final determination following judgment.

- 4 -

Use of either or both alternatives might moot the issue now on appeal. In any event it would eliminate fragmentation of a single case into two or more appeals and permit this Court to determine all issues in one appeal.

We vacate the partial summary judgment without prejudice to permit the District Court to consider these alternatives.

For the foregoing reasons, we hold the District Court abused its discretion in granting certification under Rule 54(b), M.R.Civ.P., and remand to the District Court for further proceedings.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices