No. 81-503

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

TAYLOR RENTAL CORPORATION,

Plaintiff and Appellant,

vs.

TED GODWIN LEASING, INC.,
FIRST BANK BILLINGS,

Defendants and Respondents.

---

Appeal from: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone
Honorable Robert Wilson, Judge presiding.

Counsel of Record:

For Appellant:

Calton & Hamman, Billings, Montana

For Respondents:

Robert P. Ryan, Billings, Montana
Moulton, Bellingham, Longo & Mather, Billings,
Montana

---

Submitted on briefs: March 5, 1982

Decided: July 28, 1982

Filed: JUL 28 1982

Thomas J. Kearney
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Taylor Rental Corporation appeals an order of the Yellowstone County District Court granting summary judgment in favor of defendant Ted Godwin Leasing, Inc. Taylor Rental raises several issues but, in looking through the record, we find that only a partial summary judgment was entered, and even though the case was certified under Rule 54(b), M.R.Civ.P., the certification is wholly inadequate. For this reason, we decline to hear this appeal, we will not accept another certification, and the appeal is dismissed without prejudice.

The trial court granted summary judgment for Ted Godwin Leasing, Inc. (Godwin Leasing) the effect of which was to give Godwin Leasing the right to possession or to the proceeds of the sale of certain equipment which is the subject of this lawsuit. The trial court, however, failed to rule on the counterclaim of Godwin Leasing. In the counterclaim Godwin alleged that Taylor Rental Corporation had agreed to assume the debts of Taylor Rental Center, a franchisee of Taylor Rental Corporation, and that therefore Taylor Rental Corporation owed an unspecified amount of rent on the equipment.

After the trial court had granted Godwin Leasing's motion for partial summary judgment, the attorney for Taylor Rental Corporation wrote a letter to the trial court and asked the court to certify a partial summary judgment in favor of Godwin Leasing as being "final and subject to appeal." The letter stated:

> ". . . in the interest of judicial economy
> and administration of justice, we respectfully
> request that you certify your order of July
> 7, 1981 as being final and subject to appeal
> and to complete the records, we would also
> request you enter an order denying our motion
> for summary judgment."

-2-

The trial court complied, and, in certifying the cause under Rule 54, merely stated: "That the undersigned [judge] hereby certifies that there is no just reason for delay in the entry of such final judgment in this matter." That is the entire certification order. In Roy v. Neibauer (1980), ___ Mont. ___, 610 P.2d 1185, 37 St.Rep. 897, because we were concerned with partial summary judgments coming to this Court either uncertified, or improperly certified, we set out in no uncertain terms what must be done to certify a partial summary judgment or partial judgment for appeal. We need not repeat those requirements here except to state that none of them were followed. See also, Reidy v. Anaconda-Deer Lodge County (1981), ___ Mont. ___, 637 P.2d 1196, 38 St.Rep. 2188, where, in holding that we would strictly adhere to the standards in Neibauer, we dismissed an appeal as improperly certified even though the trial court did attempt to comply with Rule 54 requirements.

If parties insist in not complying with the rules and our decisions, we again will be compelled to resort to Rule 32, M.R.App.Civ.P., to impose sanctions for frivolous appeals. Here, the appeal, because it is premature, is obviously frivolous. If improper certifications appear before this Court again, especially where there is no genuine attempt to comply with the rules, we shall treat them as frivolous appeals and impose sanctions.

We dismiss this appeal, without prejudice.

Daniel J. Shea
Justice

-3-

We Concur:

_Gene B. Daly_

_John Conway Harrison_

_John C. Sheehy_

_____
Justices