LEE McDONALD, Plaintiff/Cross-Defendant and Appellant, v. UNIREX, INC., Defendant/Cross-Claimant and Respondent, and Exeter Exploration Co., McAlester Fuel Company and Western Crude Oil, Inc., Defendants.

No. 85-119.
Submitted on Briefs Dec. 3, 1985.
Decided Feb. 20, 1986.
721 P.2d 302.

Lee McDonald, pro se.
Crowley Law Firm, Norman Hanson, Billings, for defendant/cross-claimant and respondent.

MR. JUSTICE WEBER delivered the Opinion of the Court.

Mr. McDonald appeals from a partial final judgment entered against him by the District Court for the Fourteenth Judicial District, Musselshell County. In reviewing the record, we conclude that we must dismiss this appeal because it has not been certified under Rule 54(b), M.R.Civ.P.

The defendants hold an interest in mineral rights in Musselshell County. They failed to pay a county tax for the year 1975 on their "mineral reservation right of entry." The law allowing that tax, Section 15-6-102, MCA (1978), has since been modified so that the "right of entry" is now exempt from taxation under Section 15-6-201, MCA. Mr. McDonald obtained a tax deed to defendants' "right of entry," and then brought this quiet title action against defendants. One of his contentions was that "right of entry" gave him an interest in the underlying mineral rights. Defendant Unirex moved for partial summary judgment on that issue. The parties submitted briefs, and a hearing was conducted. The District Court then issued a partial final judgment in which it held that a tax deed to a "mineral reservation right of entry" does not include or imply an interest in the underlying mineral rights. Mr. McDonald appeals.

We do not reach this issue on appeal. An adjudication of less than all of the claims in an action involving multiple claims lacks finality, and the right of an appeal from such a judgment is governed by Rule 54(b), M.R.Civ.P. *Roy v. Neibauer* (1980), 188 Mont. 81, 83, 610 P.2d 1185, 1187. The order which we are asked to review disposes of only one issue in a multi-claim action. Rule 54(b) applies. We have stated that:

"[r]ule 54(b) requires that before a certification can be made the trial court must find that there be 'no just reason for delay.' A proper exercise of discretion under this rule requires the trial court to do more than merely recite the magic words that there is 'no just reason for delay.' The trial court must clearly articulate the reasons and factors underlying its decision to order a Rule 54(b) certification."

*Neibauer*, 610 P.2d at 1189. We dismissed the appeal in *Neibauer* because no attempt was made to comply with the certification requirements of Rule 54(b). In that case, as an aid to practitioners, we set out the factors which we will consider in reviewing a Rule 54(b) certification. *Neibauer*, 610 P.2d at 1189. Since that time, we have refused to consider several appeals in which the certification requirements were partially, but not adequately, met. See *Reidy v. Anaconda-Deer Lodge County* (1981), 196 Mont. 127, 637 P.2d

1196; *Taylor Rental Corporation v. Ted Godwin Leasing, Inc.* (1982), 199 Mont. 280, 648 P.2d 1168. Montana practitioners are held on notice that the Rule 54(b) certification requirement is not viewed by this Court as a mere formality, but as a necessary and valuable tool for preventing piecemeal litigation and waste of the resources of both litigants and the courts.

The partial final judgment of the District Court in this case contains the language "[t]here is no just reason for delay in entering this judgment as a Final Judgment." Other than that, there is nothing in the record to indicate that Mr. McDonald sought or obtained certification of this matter for appeal. Because of Mr. McDonald's failure to comply even minimally with the certification requirement, we dismiss this appeal, without prejudice.

MR. JUSTICES HARRISON, MORRISON, SHEEHY and GUL-BRANDSON concur.