No. 89-240

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

MILK RIVER PRODUCTION CREDIT ASSOCIATION,
a federal instrumentality,

          Plaintiff and Respondent,

    -vs-

BIG HOOK LAND & CATTLE COMPANY, a Montana
corp.; HAROLD GOOLSBEE, JR., ALYCE GOOLSBEE;
SHERLEE T. GRAYBILL; GRAYBILL, OSTREM, WARNER
AND CROTTY; JOHN H. LEEDS, D.V.M.,

          Defendants and Appellants.

---

BIG HOOK LAND & CATTLE CO., et al.,

          Counterclaimants and Third-Party
          Plaintiffs and Appellants,

    -vs-

MILK RIVER PRODUCTION CREDIT ASSOCIATION,
a federal instrumentality,

          Counterclaim Defendants and Third-
          Party Defendants and Respondents.

FILED
'89 OCT 25 PM 2 26
ED SMITH, CLERK
MONTANA SUPREME COURT

---

APPEAL FROM:  District Court of the Twelfth Judicial District,
              In and for the County of Hill,
              The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:
      For Appellant:

              Leo Graybill, Jr.; Graybill, Ostrem, Warner & Crotty,
              Great Falls, Montana

      For Respondent:

              Gary S. Deschenes; Alexander, Baucus & Linnell,
              Great Falls, Montana

---

           Submitted on Briefs:  Aug. 31, 1989
                Decided:  October 25, 1989

Filed:

_____
             Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Defendants Harold and Alyce Goolsbee appeal a grant of partial summary judgment entered against them by the Twelfth Judicial District Court, Hill County, Montana. Because the partial summary judgment was not a final order and was not certified to this Court pursuant to Rule 54(b), M.R.Civ.P., we dismiss the appeal without prejudice.

On November 14, 1985, Milk River Production Credit Association (Milk River PCA) brought a foreclosure action against Big Hook Land and Cattle Company, Harold and Alice Goolsbee, and several other defendants. The Goolsbees filed an answer and counterclaim in February 1986, alleging a breach of the duty of good faith and fair dealing, the need for an accounting, nonconsideration for subordination of mortgage, and other assertions. On March 4, 1986, Milk River PCA moved to strike affirmative defenses and to dismiss counterclaims. This motion was granted after oral argument.

Milk River PCA then filed a motion for summary judgment against all defendants on September 29, 1986. After a hearing on this motion in October 1986, the District Court ruled from the bench that summary judgment would be granted against all defendants. The day after the hearing Big Hook Land and Cattle Company filed for bankruptcy. No written order was ever filed against any party at that time.

Over two years later, on January 18, 1989, the District Court entered partial summary judgment against defendants Harold Goolsbee and Alyce Goolsbee. No order has been entered against any defendant other than the Goolsbees. Further, the Goolsbees did not request that the District Court certify the order pursuant to Rule 54(b), M.R.Civ.P.

On appeal the Goolsbees raise issues regarding certain discovery rulings by the District Court. They also allege

2

that the District Court erred in dismissing defendants' defenses and counterclaims by determining that the state court did not have jurisdiction since Milk River PCA is a federal instrumentality. We do not reach these issues since we conclude that the Goolsbees' appeal is premature.

An appeal may be taken from a "final order," Rule 1, M.R.App.P., or the district court may certify an order for appeal pursuant to Rule 54(b), M.R.Civ.P., which states:

> Judgment upon multiple claims or involving multiple parties. When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

This Court has repeatedly emphasized that a judgment which leaves undetermined the liability of one or more defendants cannot be appealed unless it is expressly made final upon a determination that there is no just reason for delay. Roy v. Neibauer (1980), 188 Mont. 81, 85, 610 P.2d 1185, 1188.

Appellants urge that Milk River PCA has treated this as a final order in that this Montana judgment has been entered in California against the Goolsbees. They contend that Milk River PCA is therefore estopped from raising the certification issue. Appellants misunderstand the certification

3

requirement. It is not a mere formality, as stated in the recent case of McDonald v. Unirex, Inc. (1986), 221 Mont. 153, 154-55, 721 P.2d 302, 303:

> We dismissed the appeal in Neibauer because no attempt was made to comply with the certification requirements of Rule 54(b). In that case, as an aid to practitioners, we set out the factors which we will consider in reviewing a Rule 54(b) certification. Since that time, we have refused to consider several appeals in which the certification requirements were partially, but not adequately met. Montana practitioners are held on notice that the Rule 54(b) certification requirement is not viewed by this Court as a mere formality, but as a necessary and valuable tool for preventing piecemeal litigation and waste of the resources of both litigants and the courts. (Citations omitted.)

Accordingly, this appeal is dismissed without prejudice.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

4