No. 95-097

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

MARTIN E. WEINSTEIN,

      Plaintiff, Appellant and
          Cross-Respondent,

  -vs-

THE UNIVERSITY OF MONTANA, at MISSOULA,
MONTANA, a Montana Educational Entity,
GEORGE M. DENNISON, and ROBERT L. KINDRICK,

      Defendants, Respondents and
          Cross-Appellants.

FILED

JUL 06 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Dexter L. Delaney, Brian L. Delaney; Mulroney,
          Delaney & Scott, Missoula, Montana

      For Respondents:

          William L. Crowley, Sam E. Haddon; Boone,
          Karlberg & Haddon, Missoula, Montana

Submitted on Briefs:  May 18, 1995

Decided:  July 6, 1995

Filed:

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Martin E. Weinstein (Weinstein) appeals from an order of the Fourth Judicial District Court, Missoula County, which granted the defendants, the University of Montana (University), George M. Dennison (Dennison), and Robert L. Kindrick (Kindrick), partial summary judgment. The defendants cross-appeal the District Court's order certifying its partial summary judgment order as a final judgment. Because we reverse the District Court's order certifying its previous partial summary judgment order as a final judgment, we decline to address the merits of Weinstein's appeal.

Background

Without delving into great detail, the following facts are necessary for an understanding of the case's background to date. Dennison is the president of the University and Kindrick is the provost. The University established the Maureen and Mike Mansfield Center to further the work of Mike Mansfield in the areas of ethics in public affairs and modern Asian studies. On May 27, 1992, Weinstein accepted the position of Mansfield Center Director. Weinstein spoke with Dennison and Kindrick before he accepted the position. Weinstein alleges that certain representations regarding the powers of the Mansfield Center Director were made to him before he accepted the position.

On June 2, 1992, Dr. Deni Elliot, a finalist for the director's position, accepted a position as the Mansfield Center Professor of Public Affairs and Ethics. Weinstein alleges that he

2

was not given the opportunity to contribute to the decision of whether to hire Elliot. There was great friction between Weinstein (as Elliot's supervisor) and Elliot during the 1992-1993 academic year. On May 18, 1993, Kindrick informed Weinstein that he would be terminated as Mansfield Center Director effective June 30, 1993. Weinstein's contract stated that he would receive at least one year's notice before termination.

On May 28, 1993, Weinstein filed a complaint against the University, Dennison, and Kindrick. Weinstein later amended his complaint. On February 22, 1994, Weinstein filed his second amended complaint. Weinstein's second amended complaint sought damages from the University for breach of contract and breach of the implied covenant of good faith and fair dealing. Weinstein sought damages from Dennison and Kindrick for tortious interference with his contractual relationship with the University.

Weinstein's complaint listed five factual allegations supporting relief under each of his theories:

1. The defendants hired Elliot without Weinstein's approval.

2. Elliot was removed from Weinstein's supervision.

3. Weinstein was threatened with dismissal from his post as Mansfield Center Director unless he signed an agreement that varied from his employment contract.

4. Dennison and Kindrick failed to approve Weinstein's application for tenure as a professor of Political Science.

5. Contrary to his employment agreement, Weinstein was given less than one year's notice of termination from his position as

3

Director of the Mansfield Center.

On June 16, 1994, the defendants moved for partial summary judgment on three issues. The University sought summary judgment on Weinstein's claim that the University breached his contract by hiring Elliot without Weinstein's consent. Dennison and Kindrick sought summary judgment on Weinstein's claim that Dennison and Kindrick tortiously interfered with his contractual relationship with the University. The defendants also moved for summary judgment to have Weinstein's contractual damages limited to a one-year period from the date he received notice of termination. On September 1, 1994, the District Court entered its judgment granting defendants' motion for partial summary judgment.

On September 23, 1994, Weinstein moved the court to certify its order granting defendants partial summary judgment as a final judgment pursuant to Rule 54(b), M.R.Civ.P. On January 9, 1995, the court certified its previous order granting defendants partial summary judgment as a final judgment. Weinstein appeals from the order granting partial summary judgment and the defendants cross-appeal from the District Court's order certifying its partial summary judgment order as a final judgment.

The dispositive issue raised in the cross-appeal is: Whether the District Court erred in certifying its order of partial summary judgment as a final judgment.

Standard of Review

We have stated that "[i]t is in the discretion of the District Court to grant or deny a request for a Rule 54(b) certification."

4

Roy v. Neibauer (1980), 188 Mont. 81, 85, 610 P.2d 1185, 1188 (citations omitted). However the decision to allow an appeal to proceed in such a situation should not be entered lightly. Roy, 610 P.2d at 1188. We review discretionary rulings to determine if the district court abused its discretion. Montana Rail Link v. Byard (1993), 260 Mont. 331, 337, 860 P.2d 121, 125.

Discussion

Rule 54(b), M.R.Civ.P., states:

When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

If a district court abuses its discretion in certifying an order as final under Rule 54(b), we are without jurisdiction to entertain the appeal. Reidy v. Anaconda-Deer Lodge County (1981), 196 Mont. 127, 130, 637 P.2d 1196, 1197 (citation omitted).

Rule 54(b), M.R.Civ.P., is substantially patterned after Federal Rule 54(b). We have looked previously to federal courts' interpretations of the federal rule for guidance in our own cases. See Roy, 610 P.2d at 1188; citing Allis Chalmers Corp. v. Philadelphia Electric Co. (3rd Cir. 1975), 521 F.2d 360; United Bank of Pueblo v. Hartford Acc. & Indem. Co. (10th Cir. 1976), 529

F.2d 490.

The defendants first argue that the District Court's order granting partial summary judgment was a partial adjudication of a single claim. In support, the defendants cite Sussex Drug Products v. Kanasco, Ltd. (3rd Cir. 1990), 920 F.2d 1150, 1154, in which the Third Circuit Court of Appeals stated:

> Hesitant to slog through an exhaustive survey of opinions in search of an elusive decisive formula, we will mention but a few of the governing considerations discussed in case law. Alternative theories of recovery based on the same factual situation are but a single claim, not multiple ones. Allegheny County Sanitary Auth. [v. EPA (3rd Cir. 1984)], 723 F.2d [1167] at 1172. An order that eliminates two of several elements of damages flowing from a single claim does not qualify for Rule 54(b) certification. [Citation omitted.]

We adopt the language from Sussex Drug to the effect that in analyzing Rule 54(b) certification issues, we will consider alternative theories of recovery that are based on the same factual situation as a single claim.

The defendants further argue that since the partial summary judgment was only a partial adjudication of a single claim, the court's order was not properly certified as a final judgment under Rule 54(b). We would agree if it were not for the fact that there are multiple parties to this action, and two of the three defendants, Kindrick and Dennison, were effectively dismissed from the case by the District Court's grant of partial summary judgment.

Before it was amended, federal Rule 54(b) applied to multiple claims but not multiple parties. After it was amended to include multiple party actions, the United States Supreme Court had occasion to address Rule 54(b) in Liberty Mutual Ins. Co. v. Wetzel

6

(1976), 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435. In Liberty Mutual, the Court noted that, following an adverse ruling in a previous case that involved multiple parties but only one claim, "Rule [54(b)] was amended to insure that orders finally disposing of some but not all of the parties could be appealed pursuant to its provisions." Liberty Mutual, 424 U.S. at 743, n. 3.

Here, the District Court's order disposes of Dennison and Kindrick, but the University remains as a defendant in the litigation. Because its order disposed of some, but not all, of the parties, the District Court could conduct Rule 54(b) analysis. However, that is only the beginning of our inquiry.

In Roy, we listed several factors for a district court to consider in cases where parties seek Rule 54(b) certification. Depending on the particular case, some or all of the factors may bear upon the propriety of the order granting Rule 54(b) certification. We must apply those factors to determine whether the District Court abused its discretion. The factors listed in Roy are:

    1. The relationship between the adjudicated and unadjudicated claims;

    2. the possibility that the need for review might or might not be mooted by future developments in the district court;

    3. the possibility that the reviewing court might not be obliged to consider the same issue a second time;

    4. the presence or absence of a claim or counterclaim which could result in a setoff against the judgment sought to be made final;

    5. miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial,

7

triviality of competing claims, expense, and the like. Roy, 610 P.2d at 1189 (citation omitted).

Here, the District Court found that it was significant that Weinstein's adjudicated and unadjudicated claims are legally distinct. However, we find it more important that Weinstein's theories all are based on the same set of facts. Thus for Rule 54(b) purposes, there is but a partial adjudication of a single claim. This factor militates against the granting of a Rule 54(b) certification.

The District Court did not determine whether future developments in that court might moot the necessity of review of the issues presently before this Court.

Next, the District Court found that it is not likely that this Court would have to decide the same issues again if we address them now. Weinstein alleged the same facts in each count against the University as in his count against Dennison and Kindrick. When Rule 54(b) certification is sought with regard to the dismissal of two of three defendants, and the factual allegations against the dismissed defendants overlap with the factual allegations against the remaining defendant, the appellate court is requested to decide issues which remain pending in the district court. The appellate court may thus have to cover the same ground later on a direct appeal. See N.A.A.C.P. v. American Family Mutual Ins. Co. (7th Cir. 1992), 978 F.2d 287, 292, stating that:

> Ideally the facts and theories separated for immediate appeal should not overlap with those retained; to the extent they do, the court of appeals is "deciding" claims still pending in the district court, and may have to

8

cover the same ground when the district court acts on the residue.

N.A.A.C.P., 978 F.2d at 292. This "overlap" factor militates against the granting of a Rule 54(b) certification.

As the District Court correctly found, there is no possibility of a set-off against the judgment at issue here. This factor does not bear upon the propriety of a Rule 54(b) certification of this case.

As to the miscellaneous factors, the District Court found that it would be unusually harsh not to certify this case because its order limited damages to a one-year period from Weinstein's receipt of notice of termination. However, an order that eliminates elements of damages flowing from a single claim does not qualify for Rule 54(b) certification. Sussex Drug Products, 920 F.2d at 1154.

The District Court also believed that certification was beneficial because it would "enhance opportunities to resolve the case by settlement" and would be desirable because a decision by this Court could be used to "control the balance of litigation in District Court." We think it is undesirable to rely on such considerations in determining whether to grant a Rule 54(b) motion for certification. Such reliance leads to requests of this Court to render advisory opinions in order to facilitate settlement or to speed the process in district courts. We believe such advisory opinions are beyond the scope of Rule 54(b) and we caution district courts against the temptation to certify difficult issues to this Court in order to provide guidance for the remainder of the case.

9

In addition, the court apparently found it significant that Weinstein strongly opposed summary judgment and promised an eventual appeal if Rule 54(b) certification were not granted. This is a non-factor. Every party seeking a Rule 54(b) certification may eventually appeal the judgment in question. If a promise of an appeal were seriously considered in analyzing every Rule 54(b) case, then virtually every party seeking Rule 54(b) certification would be successful. Rule 54(b) certifications, and piecemeal litigation, are generally disfavored. Rule 54(b) certification is to be granted only in the "'infrequent harsh case' meriting a favorable exercise of discretion . . . ." Roy, 610 P.2d at 1188; citing Allis Chalmers Corp., 521 F.2d at 365.

Under the Roy factors, Weinstein failed to meet his burden of demonstrating that this case is the infrequent harsh case. We hold that the District Court abused its discretion in granting Weinstein's motion for Rule 54(b) certification of the court's partial summary judgment as a final judgment.

We conclude with these considerations for Rule 54(b) analysis.

1. Several theories based on the same set of facts are considered as a single claim for purposes of Rule 54(b) analysis.

2. A partial adjudication of a single claim generally is not properly certified under Rule 54(b).

3. A judgment which dismisses some but fewer than all parties in a case involving multiple parties may be proper for certification under Rule 54(b), depending upon the analysis of the factors listed in Roy.

10

4. A case involving multiple parties in which no parties are dismissed, and which involves a partial adjudication of a single claim, is not proper for Rule 54(b) certification.

Because the District Court abused its discretion in certifying its partial summary judgment order as final under Rule 54(b), we are without jurisdiction to hear Weinstein's appeal. We reverse the District Court's order certifying its partial summary judgment order as a final judgment. We dismiss Weinstein's appeal without prejudice. We reverse and remand for further proceedings.

_____
Justice

We concur:

_____

_____

_____

_____
Justices