*66 JUSTICE GRAY,
dissenting.
¶60 I respectfully dissent from the Court’s opinion. I would conclude that the District Court abused its discretion in granting Rule 54(b) certification in this case and remand for further proceedings without addressing the substantive issues raised.
¶61 Rule 54(b), M.R.Civ.P., provides:
When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than.all the.claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
Because the decision to grant or deny a request for Rule 54(b) certification lies within the discretion of the trial court, we review a grant of Rule 54(b) certification for abuse of discretion. See Roy v. Niebauer (1980), 188 Mont. 81, 86, 610 P.2d 1185, 1188. “If a trial court abuses its discretion in certifying an order of summary judgment as final under Rule 54(b), an appellate court is without jurisdiction to entertain the appeal.” Reidy v. Anaconda-Deer Lodge County (1981), 196 Mont. 127, 130, 637 P.2d 1196, 1197.
¶62 Rule 54(b) certification requires that a court consider several factors:
1. The relationship between the adjudicated and unadjudicated claims.
2. The possibility that the need for review might or might not be mooted by future developments in the district court.
3. The possibility that the reviewing court might be obligated to consider the same issue a second time.
4. The presence or absence of a claim or a counterclaim which could result in a set-off against the judgment sought to be made final.
5. Miscellaneous factors such as delayed economic and solvency considerations, shortening the time of trial, triviality of competing claims, expenses and the like.
Roy, 188 Mont. at 87, 610 P.2d at 1189.
*67 ¶63 In this case, the appeal originally was filed without Rule 54(b) certification. All parties had filed their initial briefs on appeal by the time this Court ruled that certification of the partial summary judgment was necessary prior to our consideration of the appeal. We remanded to the District Court to allow for certification, expressly refusing to assume that certification would be proper. On remand, the District Court issued a cursory order stating there was no just reason for delay and declaring that its partial summary judgment decision was “a final and appealable Order, for the reasons set forth in VCR’s Brief, which the Court hereby adopts as its own.” The brief to which the court referred alleged that certification would not require this Court to consider the same issues a second time and that there is no possibility of a set-off because the issues already decided merely resolved a nonmonetary issue of whether the bridle path exists and the counterclaims request monetary damages.
¶64 In the partial summary judgment from which this appeal is taken, the plaintiffs sought and were granted summary judgment on their claims that a bridle path easement exists and that the Association had no authority to abandon it. The plaintiffs did not seek summary judgment on their other two claims, that the Association should be enjoined from attempting to remove the bridle path easement from the final plat of the subdivision, and for attorney fees. None of the parties sought summary judgment on asserted counterclaims.
¶65 In its order for partial summary judgment, the District Court recognized that genuine issues of material fact exist as to the counterclaims that respondent lot owners Flynn and Dale did not receive constructive notice of the easement and that the easement has been extinguished by adverse possession where it crosses the properties of respondent lot owners New, Webster, and McGuire. Also remaining to be decided are whether the bridle path easement was intended to be wider across certain lots and the common areas, the plaintiffs’ claim that an injunction should issue prohibiting the Association from removing the bridle path from the plat without the consent of all landowners, the Association’s counterclaims of defamation and slander of title, and the parties’ requests to be awarded attorney fees under the covenants.
¶66 Despite the Association’s arguments to the contrary in its brief to the District Court, the existence of these remaining issues weighs against Rule 54(b) certification based on at least three factors set forth in Roy. First, a clear possibility remains that this Court might be obli *68 gated to review some of the same issues a second time — the issue concerning the easement’s width will require a revisiting of the issue of to what extent an easement was created, and the injunction claim will require a revisiting of the Association’s authority vis-a-vis the bridle path easement. Second, claims or counterclaims are present which could result in a nonmonetary “set-off” against the judgment made final through certification — the constructive notice and remaining adverse possession claims may extinguish the easement across those lots. In addition, the number and significance of the remaining claims raises the very real likelihood of a second appeal in this case, resulting in appeal-related expenses of both time and money which, in light of the intertwining factual relationship between the adjudicated and unadjudicated claims, could surely have been reduced had all matters been considered in the usual manner, in one appeal after the entry of final judgment adjudicating all claims.
¶67 “Rule 54(b) certifications, and piecemeal litigation, are generally disfavored.” Weinstein v. University of Montana at Missoula (1995), 271 Mont. 435, 443, 898 P.2d 101, 106. We have cautioned district courts not to certify difficult issues to this Court in order to provide guidance for the remainder of the case. Weinstein, 271 Mont. at 442, 898 P.2d at 106. Not only are district courts under a duty to avoid piecemeal litigation and to protect the rights of parties from possible prejudice flowing from a premature appeal, but the parties themselves are also under a duty to inform this Court when a certified appeal has been improvidently granted. In re Adoption of BGB (1979), 183 Mont. 347, 357, 599 P.2d 375, 381.
¶68 I would conclude that the District Court abused its discretion in granting Rule 54(b) certification and, as a result, that we are without jurisdiction to entertain this appeal. See Reidy, 196 Mont. at 130, 637 P.2d at 1197. On that basis, I would remand for final adjudication of all issues. I dissent from the Court’s failure to do so.
JUSTICE NELSON joins in the foregoing dissenting opinion.