ORIGINAL

FILED

01/02/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0686

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 24-0686

KRIS HAWKINS and OLSON TRUST,

    Plaintiffs and Appellants,

    v.

NORTHWESTERN CORPORATION,
d/b/a NORTHWESTERN ENERGY,

    Defendants,

  and

RHOADES & ERICKSON, PLLC,

    Defendants and Appellees.

FILED

DEC 3 1 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Appellant Kris Hawkins, a self-represented litigant, has filed a notice of appeal on behalf of herself and Olson Trust from the orders of the Twenty-First Judicial District Court, Ravalli County, dismissing Hawkins's and Olson Trust's Complaint against Rhoades & Erickson, PLLC. The District Court has certified these orders as final for purposes of immediate appeal pursuant to M. R. Civ. P. 54(b).

Pursuant to M. R. App. P. 4(4)(b), we have reviewed the District Court's certification order for compliance with M. R. App. P. 6(6). Rule 6(6) provides that a district court may direct entry of final judgment under Rule 54(b) only upon an express determination that there is no just reason for delay and, "[i]n so doing, the district court must balance the competing factors present in the case to determine if it is in the interest of sound judicial administration and public policy to certify the judgment as final, and the court shall, in accordance with existing case law, articulate in its certification order the factors upon which it relied in granting certification . . . ." As set forth in *Roy v. Neibauer*, 188 Mont. 81, 87, 610 P.2d 1185, 1189 (1980), the factors this Court normally considers

regarding a Rule 54(b) certification include: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, triviality of computing claims, expense, and the like.

We have reviewed the District Court's certification order in this case. The court took the *Roy* factors into consideration and addressed each in turn. However, in *Weinstein v. University of Montana*, 271 Mont. 435, 442, 898 P.2d 101, 105 (1995), we explained that "the facts and theories separated for immediate appeal should not overlap with those retained; to the extent they do, the court of appeals is 'deciding' claims still pending in the district court, and may have to cover the same ground when the district court acts on the residue." Our certification review raises the concern, described in *Weinstein*, of overlapping claims because Hawkins's Complaint and Demand for Jury does not include discrete causes of action and many of her allegations are made against both Rhoades & Erickson and co-defendant Northwestern Corporation. We further note that Northwestern Corporation has separately moved to dismiss, arguing in part that Hawkins cannot represent Olson Trust as she is not a licensed attorney. The District Court's forthcoming ruling on Northwestern Corporation's motion may also affect the claims against Rhoades & Erickson.

For these reasons, we decline to accept certification under Rule 54(b).

IT IS THEREFORE ORDERED that this appeal is DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to provide copies of this Order to all counsel of record.

Dated this ___31st___ day of December, 2024.

2

_____
Chief Justice

_____

_____

_____

_____
Justices

3