No. 03-319

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 277

IN RE THE MARRIAGE OF

CATHY JEANNE ARMSTRONG,

Petitioner and Respondent,

and

HARRY JOHN ARMSTRONG,

Respondent and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DR 2002-173,
Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Leanne M. Schraudner, Schraudner & Hillier, L.L.P., Bozeman, Montana

For Respondent:

Cathy J. Armstrong, *pro se*, Albuquerque, New Mexico

Submitted on Briefs: September 25, 2003

Decided: October 7, 2003

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Harry John Armstrong appeals from the order entered by the Eighteenth Judicial District Court, Gallatin County, granting the motion of Cathy Armstrong to strike a mediated property settlement agreement. We dismiss the appeal.

¶2 Cathy petitioned the District Court for dissolution of her marriage to Harry. The parties attended a mediation which resulted, among other things, in a property settlement agreement (PSA) which was reduced to writing and fully executed by the parties. Later, Cathy moved to strike--and Harry moved to adopt--the mediated PSA.

¶3 The District Court held a hearing, received testimony and obtained supplemental briefs on the legal issue of enforcing the mediated PSA in the context of §§ 40-4-201 and 40-4-305, MCA. It subsequently entered its order granting Cathy's motion to strike the PSA based on its interpretation of the referenced statutes.

¶4 Harry moved for Rule 54(b), M.R.Civ.P., certification of, and entry of final judgment on, the order striking the PSA. Cathy opposed the motion. The District Court entered its Order granting certification and entry of final judgment, and Harry appeals.

¶5 The dispositive issue before us is whether the District Court's certification order meets the necessary criteria. We conclude it does not.

¶6 Neither party raised this issue on appeal. We raise it *sua sponte*, however, because if a trial court abuses its discretion in certifying an order as final under Rule 54(b), M.R.Civ.P., this Court is without jurisdiction to entertain the appeal. *Kohler v.*

2

*Croonenberghs*, 2003 MT 260, ¶ 9, 317 Mont. 413, ¶ 9, ___ P.3d ___, ¶ 9 (citations omitted).

¶7    Rule 54(b), M.R.Civ.P., provides a mechanism whereby--under certain circumstances --a trial court may direct the entry of a final judgment as to one or more, but fewer than all, of the claims or parties in a pending legal action.  In entering a Rule 54(b) motion, however, the trial court must expressly determine "that there is no just reason for delay. . . ."  Our recent decision in *Kohler*, together with *Weinstein v. University of Mont. at Missoula* (1995), 271 Mont. 435, 898 P.2d 101, and *Roy v. Neibauer* (1980), 188 Mont. 81, 610 P.2d 1185, set forth in detail the appropriate considerations, procedural steps and underlying rationale for Rule 54(b) certifications.  The Rule is intended to balance the undesirability of piecemeal appeals with the necessity of making review available when it best serves the parties' needs. *Roy*, 188 Mont. at 85, 610 P.2d at 1188 (citation omitted).  However, the Rule also is intended to be used sparingly and only in the "infrequent harsh case[;]" it is not to be used "routinely or as a courtesy or accommodation to counsel. . . ." *Roy*, 188 Mont. at 85, 610 P.2d at 1188 (citations omitted).

¶8    In addition, we have enumerated a number of factors we normally would consider in reviewing a Rule 54(b) certification:

> (1) The relationship between the adjudicated and unadjudicated claims;
> (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
> (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; and

(5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, triviality of competing claims, expense, and the like.

*Roy*, 188 Mont. at 87, 610 P.2d at 1189 (citation omitted). We also observed that, depending on the particular case, all or only some of the factors might bear on the propriety of a Rule 54(b) certification. *Roy*, 188 Mont. at 87, 610 P.2d at 1189 (citation omitted). It is against this backdrop that we address the certification order at issue here.

¶9 In the present case, the District Court stated the following reasons for granting Harry's motion:

> a. The determination of this issue may eliminate the need for a trial on property issues, saving judicial resources and the litigants resources.
> b. There is no possibility that the need for review by the Supreme Court will be eliminated by future developments in the District Court.
> c. The Supreme Court will not be obligated to consider the same issue a second time.
> d. There is no set off.
> e. The consideration of the February 20, 2003 Judgment is in the interest of judicial economy and could shorten the time of trial.
> f. A Supreme Court ruling on the issue of the February 14, 2003 Order and February 20, 2003 Judgment would be beneficial to family law practices and litigants and poses an issue never before addressed by the Court, "Is an executed written settlement agreeing arising out of a mediation format enforceable?". The District Court finds this to be an issue that merits a decision by the Supreme Court.

¶10 In comparing the District Court's rationale to the factors set forth in *Roy*, we observe that some of its bases for granting Harry's motion--such as factors b., c., and d.--are among those contained in *Roy* and, while not completely parroting the words of *Roy*, are substantially similarly stated. To this extent, at least, the certification order before us in the present case is a cut above that before us in *Kohler*, ¶ 6, which stated only that,

4

[u]pon application pursuant to Rule 54(b), M.R.Civ.P., good cause having been shown, and there being no just reason for delay, the Court hereby certifies the Order of September 9, 2002, as a final partial Judgment as to Counts II and III of Plaintiffs' Complaint. Additionally, the Order of September 9, 2002 is also certified as a final Judgment as to Defendant Lambros.

¶11 On the other hand, unlike in *Kohler*, the certification order now before us does not meet the express requirement set forth in Rule 54(b), M.R.Civ.P., that a certifying order include "an express determination that there is no just reason for delay. . . ." This omission alone would be sufficient to conclude that the certification order in this case does not vest jurisdiction in this Court to entertain the appeal. *See Kohler*, ¶ 9. Nor is there any suggestion--much less analysis--in the District Court's Order that this is the "infrequent harsh case" the Rule is intended to address. *See Roy*, 188 Mont. at 85, 610 P.2d at 1188 (citation omitted).

¶12 It has been clear since our 1980 decision in *Roy*, 188 Mont. at 86, 610 P.2d at 1189, that a proper exercise of discretion with regard to a motion for Rule 54(b) certification requires a trial court to do more than merely recite magic words from the Rule itself or the *Roy* factors. Instead, a trial court must clearly articulate its reasoning behind any factors set forth, so this Court has some basis for distinguishing between well-grounded orders and "mere boiler-plate approval unsupported by the facts or an analysis of the law." *Kohler*, ¶ 14 (citation omitted). The District Court's certification order in this case recites magic words; it does not provide this Court with any basis for determining whether it is--or is not--a well-grounded order.

5

¶13  Furthermore, we take this opportunity to address several of the District Court's bases for certification individually, in hopes of providing additional guidance to both counsel trying to meet their burden in a Rule 54(b) motion and trial courts in the "certification order" arena.  Bases a.--that the determination of this issue "may" eliminate the need for a trial on property issues, saving  resources for both the trial court and the litigants in this case--and e.--"could" shorten the time of trial--are insufficient bases for certification.  At the very least, the related *Roy* factor is "*shortening* the time of trial" not merely that a decision by this Court--using this Court's equally limited time resource--"may" shorten the trial in the District Court.  *See Roy*, 188 Mont. at 87, 610 P.2d at 1189 (emphasis added) (citation omitted).  Nor are we persuaded that litigants' resources necessarily are saved by potentially coming to this Court on two occasions--both now and later on appeal.

¶14  Finally, we turn to those portions of the trial court's basis f., that a ruling by this Court would be "beneficial" and would be on an issue of first impression, and that the District Court determines the issue to be one that "merits a decision" by this Court.  Nothing in *Roy*, *Weinstein* or *Kohler* even hints that such considerations are appropriate bases for a certification order.  As counsel and district courts must surely be aware, rulings from this Court necessarily are beneficial to someone and, of course, we resolve many issues of first impression--almost always via an ordinary appeal.  As to the trial court's "merits a decision" statement, it bears no relationship whatsoever to the propriety of a certification order for entry of final judgment at this stage of the underlying case.

¶15 Just last month in *Kohler*, ¶ 20, we repeated our 23-year-old admonition from *Roy,* 188 Mont. at 84, 610 P.2d at 1187 (citation omitted):

> Too often this Court is confronted with cases that are not ready for appellate review within the meaning of the rules, but where the opposing parties do not bring this crucial fact to our attention. We often do not discover this until we are deeply into the process of review and indeed often in the opinion-writing stage. We cannot and will not tolerate this state of affairs.

To say that our case load has increased in the 23 years since *Roy* is an understatement of some magnitude. We should not be forced to discover--and raise *sua sponte*--a question of jurisdiction which arises in nearly every case involving a certification order and then, with increasing frequency, write an opinion dismissing the appeal for lack of jurisdiction. Nor, in our view, should trial courts so readily accept movants' theories of certification without holding them to their burden of convincing "the district court that the case is the 'infrequent harsh case' meriting a favorable exercise of discretion." *Roy*, 188 Mont. at 87, 610 P.2d at 1189 (citation omitted).

¶16 As we recently did in *Kohler,* ¶ 21, we conclude that the District Court failed to apply the factors and guiding principles long set forth in our case law relating to Rule 54(b), M.R.Civ.P., and, accordingly, we further conclude that the District Court abused its discretion in entering the certification order in this case. Consequently, because this Court is without jurisdiction to hear this appeal, we reverse the District Court's certification order and dismiss this appeal without prejudice.

/S/ KARLA M. GRAY

7

We Concur:

/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ JOHN WARNER
/S/ JIM RICE