No. 05-236

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 9N

_____

BOB WILLIAMS, TRISON III, LLC, RICHARD GATES,
GAIL JOHNSON, PATRICIA DUTOIT, and STEVE
STETNER,

        Plaintiffs and Respondents,

   v.

GLOBAL FINANCIAL SERVICES, INC., GLOBAL
EXPRESS MARKETING, KINITIC BUSINESS
SOLUTIONS, INC., CLYDE AUSTIN, CEDRIC NELSON,
RODNEY D. BROWN, SR., JOE POTEAT, JAMES
ZIMMERMAN, NORTHSTAR, LC, JOHN DOES I-X AND
JANE DOES I-X, A&B MANAGEMENT SERVICE, INC.,
CERTIFIED BOOKKEEPING ACCOUNTING SERVICE,

        Defendants and Appellants.

_____

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and for the County of Missoula, Cause No. DV 2002-517
                    The Honorable Edward P. McLean, Judge presiding.


COUNSEL OF RECORD:

        For Appellants:

                Sean Morris, Worden, Thane, P.C., Missoula, Montana

        For Respondents:

                Samuel M. Warren, St Peter & Warren, P.C., Missoula, Montana

                                _____

                            Submitted on Briefs:  December 7, 2005
                                      Decided:  January 10, 2006

Filed:

                _____
                              Clerk
Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellants Rodney Brown, Sr. (Brown), Cedric Nelson (Nelson), A&B Asset Management Services, Inc., and Certified Bookkeeping Accounting Services (hereafter collectively "the Corporations") appeal from the denial of their respective motions to set aside the default judgments entered against them in the Fourth Judicial District, Missoula County, in an action by Bob Williams, Patricia Dutoit, Gail Johnson, and other plaintiffs (hereafter collectively "Williams"). We affirm in part and remand in part for further proceedings.

¶3 We review the following issues on appeal:

¶4 Whether the District Court properly denied the motions to set aside the default judgments entered against Brown, Nelson, and the Corporations.

¶5 Whether the District Court properly awarded compensatory and treble damages.

¶6 Whether the District Court properly awarded punitive damages.

## PROCEDURAL AND FACTUAL BACKGROUND

¶7 This case arises from a fraudulent investment scheme allegedly perpetrated by Brown, Nelson, and the Corporations on a number of Montana investors. Brown, Nelson, and the Corporations purportedly induced Williams to invest a substantial amount of money in a Las Vegas real estate scheme. The investment scheme turned out to be fraudulent and Williams and the other plaintiffs lost their investments.

2

¶8 Williams filed a complaint against Brown, Nelson, and the Corporations on May 29, 2002, alleging breach of contract, breach of fiduciary duty, misrepresentation, and deceptive and unfair business practices. Serving them proved difficult due to the fact that many lived within gated communities in Las Vegas and the individual defendants required personal service. Williams managed to serve Nelson personally on October 25, 2002. Williams personally served Brown at his home on February 13, 2004. Brown and Nelson both failed to provide any response to the complaint.

¶9 The District Court entered default judgments for Williams against Nelson and Brown on May 24, 2004. The District Court awarded compensatory damages, including treble damages as provided by § 30-14-133(1), MCA, interest, and attorney's fees totaling approximately $2 million. The District Court also awarded around $1.65 million in punitive damages.

¶10 Williams filed an amended complaint on September 29, 2004, to add the Corporations as defendants. Williams served these new parties on or about October 18, 2004, and October 20, 2004. The District Court entered default judgments against the Corporations on December 6, 2004. Brown filed a motion to set aside the default judgments the next day. Nelson and the Corporations filed separate motions on December 9, 2004, to set aside the default judgments against them.

¶11 The District Court held a hearing on January 27, 2005, on the various motions to set aside the default judgments. Brown, Nelson, and the Corporations provided an assortment of justifications for their failure to answer or otherwise enter an appearance in an action against them that sought millions of dollars in damages. Without exception, all of these rationales placed the blame for their failure squarely on the shoulders of others.

¶12    Nelson alleged that his original attorney had lied to him about having had the case removed to federal court and then dismissed. Brown contends that after he had been served, Samuel Warren (Warren), counsel for Williams, assured him that service had been deficient and he need not respond. The Corporations claim that a secretary at Warren's office advised them that service had been the result of a clerical mistake and that the time to respond had been extended.

¶13    Williams argued that the motions to set aside the default judgments merely represented a delay tactic to allow Brown, Nelson, and the Corporations sufficient time to divert their assets to avoid collection on the judgment. The District Court issued an order on January 28, 2004, requiring Brown, Nelson, and the Corporations to file a security bond within one week to ensure that they were not merely attempting to delay judgment. Brown, Nelson, and the Corporations failed to file a security bond. The District Court did not rule on their motions to set aside the default judgments within sixty days. The District Court's failure to rule on the motions within sixty days resulted in them being deemed denied pursuant to Rule 60(c), M.R.Civ.P.

¶14    Brown, Nelson, and the Corporations then filed a motion on February 8, 2005, to certify the default judgments against them as final, pursuant to Rule 54(b), M.R.Civ.P., or, alternatively, to stay execution of the default judgments. They argued that their motion satisfied all of the factors needed to certify a partial judgment as final as set forth in *Roy v. Neibauer* (1980), 188 Mont. 81, 87, 610 P.2d 1185, 1189. They further contended that Williams's efforts to execute on the default judgments in their home state of Nevada supported certification. The District Court agreed and granted final certification for the default judgments on March 14, 2005. The District Court also

4

allowed Brown, Nelson, and the Corporations to postpone further efforts by Williams to execute on the default judgments by presenting documentation of sufficient collateral to satisfy the judgments. This appeal followed.

## STANDARD OF REVIEW

¶15 As a general rule, cases should be tried on the merits and we do not favor judgments by default. *Bahm v. Southworth*, 2000 MT 244, ¶ 4, 301 Mont. 434, ¶ 4, 10 P.3d 99, ¶ 4. A party needs to show only a slight abuse of discretion to warrant reversal from a denial of a motion to set aside a default judgment. *Bahm*, ¶ 4.

## DISCUSSION

¶16 Brown, Nelson, and the Corporations argue on appeal that no evidence supports the District Court's award of damages and that the District Court improperly awarded punitive damages.

### Default Judgments

¶17 The party moving to set aside a default judgment carries the burden of proof. *In re Marriage of Winckler*, 2000 MT 116, ¶ 10, 299 Mont. 428, ¶ 10, 2 P.3d 229, ¶ 10. The moving party first must satisfy the "good cause" criteria of Rule 55(c), M.R.Civ.P., and then satisfy the more stringent criteria of Rule 60(b), M.R.Civ.P. *See Winckler*, ¶ 17. Our conclusion that Brown, Nelson, and the Corporations do not satisfy the requirements of Rule 60(b) forecloses the need to decide whether they could meet the good cause standard of Rule 55(c).

¶18 A party may be relieved from a final judgment under Rule 60(b)(1), M.R.Civ.P., for "mistake, inadvertence, surprise, or excusable neglect." Brown, Nelson, and the

5

Corporations put forth a variety of excuses on appeal for their failure to file a timely response similar to those it raised before the District Court.

¶19 Brown contends that the District Court should have granted his motion to set aside the default judgment entered against him due to "mistake" in the form of his misplaced confidence in the advice allegedly provided by telephone to his wife by Williams's counsel. He contends that his wife's initial conversation with Warren, Williams's counsel, led him to believe he had been served improperly. Brown makes no claim that he attempted to seek advice from his own counsel, as opposed to Williams's counsel, as to whether his service had been proper. Brown also makes no claim that he spoke personally with opposing counsel regarding the adequacy of his service. Instead he suggests that his decision to rely on his wife's alleged conversation with opposing counsel justifies the lack of any further inquiry on his part.

¶20 Nelson contends that his reliance on his previous counsel's representations nearly two years before that the matter had been removed to federal court and then dismissed satisfies the standard of Rule 60(b), M.R.Civ.P. Nelson urges us to determine his misplaced reliance sufficient to satisfy Rule 60(b) despite no apparent efforts on his part to obtain confirmation of his original counsel's representations. Nelson apparently never asked his former counsel to provide a copy of the order removing the matter to federal court or a copy of the federal court's order dismissing the case.

¶21 Brown, Nelson, and the Corporations further contend that they all relied on the alleged statements of a secretary at the office of the opposing counsel, Warren, who informed them that Williams would agree to set aside the default judgment and to extend the time to file a response to the amended motion for default. None of these parties

6

apparently deemed this potential multi-million dollar liability sufficiently important, however, to speak directly with Warren, rather than take the advice of Warren's secretary. And none of the parties apparently requested that Warren's secretary at least put her legal advice in writing in the form of a letter confirming that Williams had agreed to set aside the default judgment and had agreed to extend the response time.

¶22    The excuses offered by Brown, Nelson, and the Corporations for not filing timely responses to the complaints ring hollow. The numerous affidavits filed by Brown, Nelson, representatives of the Corporations, their counsel, and their counsel's staff regarding the various efforts they allegedly undertook fail to address the basic question of why, when facing a multi-million dollar judgment, they simply did not file an appearance of some sort in district court rather than relying on the alleged representations of their former counsel, of opposing counsel, and of opposing counsel's secretary. In the end, their excuses stretch credulity beyond the breaking point and fail to persuade us that the District Court abused its discretion, even slightly, in denying their motions to set aside the default judgments.

Rule 54(b) Certification

¶23    Brown, Nelson, and the Corporations also assert a novel defense based upon Rule 54(b), M.R.Civ.P. As previously discussed, ¶ 13, *supra*, Brown, Nelson, and the Corporations moved the District Court to certify the default judgments against them as final pursuant to Rule 54(b), M.R.Civ.P. They sought this certification to counteract the efforts by Williams to execute on the default judgments in their home state of Nevada. The District Court certified the default judgments as final in an order dated March 14, 2005.

¶24 They now contend, however, that the District Court's entry of default judgments against only four of the six remaining named defendants prevented the District Court from entering a final order until it had made "an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Rule 54(b), M.R.Civ.P. The District Court's order of March 14, 2005, admittedly failed to address all of the criteria appropriate for Rule 54(b) certification set forth in *Kohler v. Croonenberghs*, 2003 MT 260, ¶¶ 14-16, 317 Mont. 413, ¶¶ 14-16, 77 P.3d 531, ¶¶ 14-16. This omission alone normally would be sufficient to conclude that the certificate order does not vest jurisdiction in this Court to entertain the appeal. *Kohler*, ¶ 9.

¶25 In this instance, however, judicial estoppel bars any attacks on the adequacy of the District Court's certification order. Judicial estoppel binds a party to their judicial declarations and precludes a party from taking a position "inconsistent with previously made declarations in a subsequent action or proceeding." *Kauffman-Harmon v. Kauffman*, 2001 MT 238, ¶ 15, 307 Mont. 45, ¶ 15, 36 P.3d 408, ¶ 15. Brown, Nelson, and the Corporations previously argued to the District Court that the facts of this case supported Rule 54(b) certification. They cannot be allowed to argue now that the District Court improperly certified their default judgments as final when they sought the certification in the first instance.

Compensatory Damages

¶26 Brown, Nelson, and the Corporations contend that the District Court's award of compensatory damages under the default judgments cannot be upheld due to Williams's failure to present any evidence supporting the amount. Williams presented detailed

information in support of their damages, however, in the motions for default judgments. This information supports the compensatory damages awarded by the District Court.

¶27 Brown, Nelson, and the Corporations also maintain that the District Court's award of treble damages pursuant to § 30-14-133(1), MCA, requires the District Court to provide an analysis that this Court can review to determine whether the District Court abused its discretion. The District Court's decision to award treble damages is purely discretionary. *Plath v. Schonrock*, 2003 MT 21, ¶ 28, 314 Mont. 101, ¶ 28, 64 P.3d 984, ¶ 28.

¶28 Section 30-14-133(1), MCA, allows for a district court to award treble damages when a consumer suffers a pecuniary loss due to a practice declared unlawful by § 30-14-103, MCA. The statute includes no requirement that the District Court provide an analysis of its decision to award treble damages. Moreover, the failure of Brown, Nelson, and the Corporations to answer the complaint and the District Court's entry of a default judgment constitutes an admission of the allegations contained in the complaint. *Lane v. Farmers Union Ins.*, 1999 MT 252, ¶ 21, 296 Mont. 267, ¶ 21, 989 P.2d 309, ¶ 21. The complaint alleges a fraudulent real estate scheme perpetuated by Brown, Nelson, and the Corporations. Such a fraudulent real estate scheme qualifies as a deceptive trade practice under § 30-14-103, MCA. This fact alone would support treble damages and the District Court cannot be said to have abused its discretion in awarding treble damages under these circumstances.

Punitive Damages

¶29 Brown, Nelson, and the Corporations also take issue with the District Court's decision to award punitive damages. A district court may award reasonable punitive

damages when a defendant has been found to have engaged in actual fraud or malice. Section 27-1-221(1), MCA. A district court awarding punitive damages pursuant to this statute, "shall state the reasons for making the award in findings of fact and conclusions of law." Section 27-1-211(7)(b), MCA.

¶30 The District Court entered default judgments against Brown, Nelson, and the Corporations for their participation in a fraudulent real estate scheme. The District Court did not state the reasons for awarding punitive damages, however, in its findings of fact or conclusions of law as required by § 27-1-211(7)(b), MCA. We cannot uphold an award of punitive damages without such reasons being included in the findings of fact and conclusions of law. Thus, we deem it appropriate to remand this matter to the District Court for the limited purpose of having the court provide the reasons, if any, for its decision to award punitive damages.

¶31 Affirmed in part and remanded in part for further proceedings.

/S/ BRIAN MORRIS

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON