No. 05-655

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 319

|  |  |  |
|---|---|---|
| HUGH MONROE and ELEANOR MONROE,<br>Husband and Wife, | ) ) ) ) | |
| Plaintiffs and Appellants, | ) ) | O P I N I O N |
| v. | ) ) | A N D<br>O R D E R |
| COGSWELL AGENCY, and SAFECO INSURANCE<br>COMPANY OF AMERICA, | ) ) ) ) | |
| Defendants and Respondents. | ) ) ) | |

¶1     Hugh and Eleanor Monroe (the Monroes) appeal from a summary judgment order entered in favor of Cogswell Agency and Safeco Insurance Company of America (Safeco) by the Eighth Judicial District Court, Cascade County.  We dismiss the appeal.

¶2     Hugh and Eleanor Monroe were injured in a single car accident when their 2003 Dodge Durango veered off the highway, rolled, and struck a post on the evening of November 19, 2003. The Monroes claimed benefits under the underinsured motorist (UIM) provision in their Safeco insurance policy.  Safeco denied the Monroes' claim for UIM benefits, citing language in the policy that excluded UIM coverage because the Monroes were injured by their own vehicle.  The Monroes accepted the paid benefits from Safeco, but reserved their right to seek the disputed UIM coverage.

¶3     The Monroes brought an action in district court on April 13, 2004, alleging two causes of action.  The Monroes alleged first that their insurance agent, Cogswell Agency, negligently had breached its duty to provide the Monroes with proper and complete insurance coverage by failing to "procure adequate amounts of coverage" for the

Monroes. The Monroes also alleged that the court enter a declaratory judgment that their Safeco polices provided UIM coverage for the injuries that they sustained in the accident.

¶4 Safeco and the Monroes filed cross-motions for summary judgment on the Monroes' request for declaratory judgment. The Monroes argued that even if the court granted Safeco's motion for summary judgment on the declaratory action, Safeco still would be a party to the negligence claim because Safeco has a "principal-agent" relationship with Cogswell. The District Court granted summary judgment in favor of Safeco, holding as a matter of law that the Monroes could not collect UIM benefits for their injuries sustained in the accident. The court also noted that the Monroes' assertion that Safeco was a party to their negligence claim was "not plead and will not be considered absent a motion to amend."

¶5 The Monroes moved the court to stay the proceedings, certify the summary judgment ruling on the declaratory judgment issue as final pursuant to M. R. Civ. P. 54(b) (Rule 54(b)), and to permit the Monroes to amend their negligence claim in order to add Safeco as a defendant. Safeco opposed the Monroes' motion to amend, and conditionally opposed their motion to stay the proceedings pending appeal, but did not oppose their motion to certify the summary judgment as final. The District Court denied the Monroes' motion to amend, certified its summary judgment order as final, and stayed further proceedings in the District Court pending appeal to this Court. This appeal followed.

¶6 The dispositive issue before us is whether the District Court's Rule 54(b) certification order is sufficient to support our review of the summary judgment order

before the District Court resolves the remaining issues in this case. Neither party raised this issue on appeal. We raise it *sua sponte* because this Court lacks jurisdiction to entertain a judgment improperly certified as final under Rule 54(b). *In re Marriage of Armstrong*, 2003 MT 277, ¶ 6, 317 Mont. 503, ¶ 6, 78 P.3d 1203, ¶ 6.

¶7 A court exercises its discretion when determining whether there is "no just reason for delay" to certify as final, pursuant to Rule 54(b), one or more but fewer than all the claims or parties in a pending legal action. *Roy v. Neibauer*, 188 Mont. 81, 85, 610 P.2d 1185, 1188 (1980). The court should weigh the policy against piecemeal appeals against whatever exigencies in the case at hand when entering these orders. *Roy*, 188 Mont. at 85, 610 P.2d at 1188. The court should not order Rule 54(b) certifications "routinely or as a courtesy or accommodation to counsel." *Roy*, 188 Mont. at 85, 610 P.2d at 1188. Rule 54(b) orders "should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule." *Roy*, 188 Mont. at 85, 610 P.2d at 1188.

¶8 We focus our inquiry on whether the Monroes' appeal of the District Court's ruling on the declaratory judgment issue represents the "infrequent harsh case" warranting Rule 54(b) certification. Although the District Court properly organized its discussion around the five factors set forth in *Roy*, its reasoning fails to demonstrate that this case represents the type of "infrequent harsh case" that a Rule 54(b) certification serves to remedy. The court offers only two rationales that affirmatively support the required finding that the Monroes' appeal of the declaratory judgment issue represents an

3

"infrequent harsh case." The court noted that our review of the summary judgment ruling on the declaratory judgment issue may (1) lessen the economic impact on all parties by possibly preventing a second trial, and (2) benefit insurers and insureds by settling the validity of the disputed owned auto exclusion.

¶9 The district court in *Armstrong* attempted to justify a Rule 54(b) certification with the same reasoning. The district court asserted that this Court (1) could save the resources of the district court and the parties by possibly shortening or even eliminating a trial on the certified issues, and (2) could benefit the litigants and the practice of family law by resolving an issue of first impression. *Armstrong*, ¶¶ 13-14. We rejected both of these rationales. *Armstrong*, ¶¶ 13-14.

¶10 We held that mere speculation that a trial may be avoided or shortened provided an insufficient basis to support a Rule 54(b) certification. *Armstrong*, ¶ 13. We questioned whether the argument that the parties and the court's resources necessarily would be saved by exchanging the possibility of two appeals to this Court for the possibility of shortening or avoiding a second trial in the district court. *Armstrong*, ¶ 13. We also rejected in *Armstrong* the argument that this Court would benefit the litigants and the practice of family law by ruling on a certified issue of first impression. *Armstrong*, ¶ 14. We noted that all "rulings from this Court necessarily are beneficial to someone and, of course, we resolve many issues of first impression—almost always via an ordinary appeal." *Armstrong*, ¶ 14. For these same reasons, the District Court's analysis fails to qualify the Monroes' appeal of the summary judgment ruling on the declaratory judgment issue as an "infrequent harsh case."

4

¶11 The District Court abused its discretion in certifying the summary judgment as final. Accordingly, we reverse the District Court's certification and dismiss this appeal as outside our jurisdiction. *Armstrong*, ¶ 16.

¶12 IT IS HEREBY ORDERED that this appeal is DISMISSED WITHOUT PREJUDICE.

¶13 The Clerk of Court shall mail a copy of this Order to all counsel of record.

DATED this 7th day of December 2006.

/S/ BRIAN MORRIS
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JOHN WARNER


Justice Jim Rice specially concurring.

¶14 I concur with the Court's order. The District Court's certification analysis is complete and commendable. Unfortunately, however, undertaking review of the merits of the appeal at this juncture, and issuing a decision thereon, would not necessarily resolve all the claims against even one defendant, Safeco. Whether we would affirm or reverse the District Court's entry of summary judgment on the policy interpretation issue, and thereby resolve the UIM coverage claim, the District Court's denial of Monroes' motion to amend their complaint to add Safeco as a negligence defendant may bring Safeco before us again in a second appeal. Thus, "the relationship between the adjudicated and unadjudicated claims" leaves us with little ability to foster judicial economy in this case. *Roy*, 188 Mont. at 87, 610 P.2d at 1189. Although I disagree that avoiding or shortening a trial will always "provide[] an insufficient basis to support a

5

Rule 54(b) certification," *see* ¶ 10, I agree with the Court that the posture of this case does not justify review at this time.


/S/ JIM RICE