

FILED

06/09/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0237

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0237

KOLE FITZPATRICK, DBA FITZPATRICK
TRUCKING,

Plaintiff and Appellant,

v.

TRAIL CREEK ENTERPRISES, LLC, JASON
SUBATCH, WESTERN STATES EQUIPMENT
COMPANY ("CAT"), AND JOHN DOES 1-60,

Defendants and Appellees,

TRAIL CREEK ENTERPRISES, LLC AND
JASON SUBATCH,

Counter-Plaintiffs and Appellees.

**FILED**

JUN 09 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Counsel for Appellant Kole Fitzpatrick, dba Fitzpatrick Trucking (Fitzpatrick), has filed a notice of appeal from an order of the Twentieth Judicial District Court, Sanders County, granting a motion to dismiss in favor of Defendant Western States Equipment Company (Western States). On April 10, 2020, the District Court certified this order as final for purposes of immediate appeal pursuant to M. R. Civ. P. 54(b). On April 24, 2020, Fitzpatrick filed his notice of appeal.

Under M. R. App. P. 4(4)(b), upon the filing of a notice of appeal undertaken pursuant to a Rule 54(b) certification, the Clerk of this Court immediately forwards copies of the Notice of Appeal to this Court. Then, "[t]he appeal shall not proceed further" until this Court has reviewed the certification order, determined that it complies with Rule 54(b) and M. R. App. P. 6(6), and enters an order allowing the appeal to proceed.

Prior to this Court's undertaking review pursuant to Rule 4(4)(b), Appellees Trail Creek Enterprises, LLC, and Jason Subatch ("Subatch") moved to dismiss Fitzpatrick's

appeal. Subatch argues the District Court should not have certified this order as final pursuant to Rule 54(b) because it was not a final judgment that ends litigation on the merits, that the order of dismissal fails to expressly determine there is no just reason for delay pursuant to Rule 54(b) and M. R. App. P. 6, and the judgment did not issue a final decision upon the relief requested by Fitpatrick. In response, Fitzpatrick contends Subatch is not a party to this appeal, and the District Court's final judgment is final as to Western States.

Pursuant to M. R. App. P. 4(4)(b), we have reviewed the District Court's April 10, 2020 order for compliance with M. R. App. P. 6(6). Rule 6(6) provides that a district court may direct entry of final judgment under Rule 54(b) only upon an express determination that there is no just reason for delay and, "[i]n so doing, the district court must balance the competing factors present in the case to determine if it is in the interest of sound judicial administration and public policy to certify the judgment as final, and the court shall, in accordance with existing case law, articulate in its certification order the factors upon which it relied in granting certification . . . ."

To meet these criteria, the District Court must do more than "merely recite the magic words" that "there is no just reason for delay." *Kohler v. Croonenberghs*, 2003 MT 260, ¶ 14, 317 Mont. 413, 77 P.3d 531 (citation omitted). As set forth in *Roy v. Neibauer*, 188 Mont. 81, 87, 610 P.2d 1185, 1189 (1980), the factors this Court normally considers regarding a Rule 54(b) certification include: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, triviality of computing claims, expense, and the like. In certifying an order under Rule 54(b), a district court must follow three "guiding principles": (1) the burden is on the party seeking certification to convince the district court that the case is the "infrequent harsh case" meriting a favorable exercise of

2

discretion; (2) the district court must balance the competing factors present in the case to determine if it is in the interest of sound judicial administration and public policy to certify the judgment as final; and (3) the district court must marshal and articulate the factors upon which it relied in granting certification so that prompt and effective review can be facilitated. *Kohler*, ¶ 16 (citing *Roy*, 188 Mont. at 87, 610 P.2d at 1189).

In this instance, the District Court applied these factors in determining that Rule 54(b) certification was warranted regarding the order granting dismissal. However, Subatch's Motion to Dismiss Appeal and Breif [sic] in Support fails to cite these factors or argue that the District Court abused its discretion in certifying the order as final for purposes of appeal. Of the arguments Subatch raises, only one—that the District Court failed to expressly determine there is no just reason for delay—is relevant to the applicable factors. However, this argument is factually incorrect, as the District Court fully analyzed this factor in its certification order, concluding that there was no just reason to delay finality for Western States when it diligently participated in the litigation and defended itself, and that Western States should not have to bear the expense of "monitor[ing] the litigation between [Fitzpatrick] and [Subatch] in order to obtain a final judgment."

Pursuant to M. R. App. P. 4(4)(b), we have reviewed the District Court's certification order for compliance with M. R. App. P. 6(6). We conclude the court's certification order is in substantial compliance with the requirements of Rule 6(6) and our case law interpreting certification orders under Rule 54(b).

Therefore,

IT IS ORDERED that this appeal may proceed.

IT IS FURTHER ORDERED that Subatch's Motion to Dismiss Appeal is DENIED.

The Clerk is directed to provide copies of this Order to all counsel of record.

Dated this 9th day of June, 2020.

_____
Chief Justice

3

_____

_____

_____

_____
                Justices